# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| MARK DOBRONSKI, | Case No. 2:22-cv-12039-JJCG |
| Plaintiff, | Hon. Denise Page Hood |
| v. | Magistrate Judge Jonathan J.C. Grey |
| FAMILY FIRST LIFE, LLC, et al., | |
| Defendant. | |

**DEFENDANTS KHONSAVAN VONGDARA, SHANNON ADAMS, DONTE GRANT, VANESSA ISABEL POWELL, AND DARIO JOSEPH WICKHAM'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

136344990v1

**I.     Movants Have Complied with E.D. Mich. LR 7.1(a)**

Counsel for Defendants Khonsavan Vongdara, Shannon Adams, Donte Grante, Vanessa Isabell Powell, and Dario Joseph Wickham ("Movants" or "Defendants") emailed Plaintiff on October 26, 2022 requesting Plaintiff's consent to Movant's motion and explaining the nature and legal basis of the motion. (ECF No. 41 PageID. 264 and Ex.1). Movants offered to discuss the contents of the motion further, in accordance with Mich. LR 7.1(a)(1). Plaintiff presents no legal basis that a request for concurrence by email constitutes unreasonable efforts for a conference.

**II.    Plaintiff Does Not Have Article III Standing**

Plaintiff does not set forth factual allegations demonstrating that Plaintiff suffered any actual injury in fact that is particularized and affected him in a personal way, considering he alleges he had single conversations with Defendants Powell, Grant, and Wickham, and Vongdara. *See Smith v. Aitima Med. Equip., Inc.*, No. ED 16 CV 339 ABD-TBX, 2016 WL 4618780, at *4 (C.D. Cal. July 29, 2016) (Plaintiff's allegation that she suffered a nuisance, resulting from one call, was too *de minimis* to confer standing). Even if Plaintiff sufficiently alleged an injury, which he does not, given that Plaintiff engaged in a campaign to bait whoever he spoke to in order to invite further calls, Plaintiff's interests are not within the zone of interests to be protected under the TCPA. *See Stoops v. Wells Fargo Bank, Nat. Ass'n*, 197 F. Supp. 3d. 782 (W.D. Penn. 2016) ("Plaintiff's interests, which include purchasing

phones with hope of receiving calls from creditors for purpose of collecting statutory damages, are not "among the sorts of interests [the TCPA was] specifically designed to protect."); *Leyse v. Bank of America Nat Ass'n*, No. 11-7128-SDW-SCM, 2020 WL 1227410 (March 13, 2020 D.N.J.) (finding the record suggested instead Plaintiff welcomed and consented to the call).

### III. Plaintiff Failed To Plead That Movants Used An Automatic Telephone Dialing System

"[T]he mere placement of calls to a cellular phone without the recipient's consent, standing alone, does not violate the TCPA provision implicated by Plaintiff's complaint; rather, a plaintiff must allege that the calls were made "using any automatic telephone dialing system or an artificial or prerecorded voice." *Wallack v. Mercantile Adjustments Bureau, Inc.*, No. 14-10387, 2014 WL 1515852, at *3 (E.D. Mich. Apr. 18, 2014). "Plaintiff's mere speculation … that Defendant's dialing system *might* have the capacity to use randomly generated number systems to call other unknown persons…fails to satisfy *Twombly*…" *Barry v. Ally Fin., Inc.*, No. 20-12378, 2021 WL 936636, at *5 (E.D. Mich. July 13, 2021) (emphasis added).

In opposition, Plaintiff conclusively states that "a 4-5 second delay after saying 'hello'" somehow rises to a reasonable inference that an ATDS was used, without offering any legal or factual support that a delay creates a presumption of an ATDS. Plaintiff cites *Duchene v. Onstar, LLC*, No. 15-13337, 2016 WL 3997031 (E.D. Mich. July 26, 2016), to support his allegation that defendants used an ATDS.

2

However, the *Duchene* court noted that the plaintiff alleged that (a) the plaintiff heard nothing when he answered the call, and (b) the plaintiff received a robotic, automated screeching and beeping voicemail. Here, Plaintiff makes no such allegation in his Complaint. In fact, with the exception of calls 3 and 12, Plaintiff alleges that he actually spoke to live telemarketers.

**IV. Plaintiff Failed To Allege That Defendants Initiated The Calls At Issue**

Plaintiff has failed to state that Movants initiated, caused, or directed any calls to be initiated, or were in any way connected or involved with any of the calls. With respect to Calls At Issue (4, 7, 9, 12, 19, 20, 21, 22), while Plaintiff concedes that Movants "may not have directly initiated the telephone calls," Plaintiff fails to allege that the third parties acted on behalf of and subject to the control of Movants. Regarding Defendant Vongdara, Plaintiff does not state that Vongdara directed the third parties to call Plaintiff. With respect to Defendants Adams, Powell, and Wickham, Plaintiff only alleges that the calls were transferred to Movants, which in and of itself does not suffice to form an agency relationship between the third party and Movants. *Lucas v. Telemarketer,* No. 18-3633, 2019 WL 3021233 (6th Cir. May 29, 2019) (holding that "knowingly assisting telemarketers," did not amount to the "formal agency," "apparent authority," or "ratification" necessary to allege a TCPA violation under a vicarious liability theory.).

136344990v1

## V.      An Amended Complaint Would Be Futile

Plaintiff states that he will amend his complaint to allege that only calls 16 and 42-45 were in violation of 47 C.F.R. 64T,1200(a)(6). However, an amendment would be futile because the complaint would not survive a motion to dismiss, as none of the Movants initiated or authorized the calls. *Macomb Interceptor Drain Drainage Dist. v. Kilpatrick*, 896 F. Supp. 2d 650, 669 (E.D. Mich. 2012). It would be pure speculation to assume that calls 16 and 42-45 were initiated or authorized by Movants or that the Movants were tied to the calls based upon the caller identification number. Plaintiff does not and cannot allege that (1) Plaintiff knew who initiated these specific calls or directed the calls to be made or (2) an agency relationship existed between Movants and the individuals who initiated the calls.

## VI.     Plaintiff Fails To State A Claim Under § 227(C)(5) Of The TCPA

Count IV fails to state a claim on two fronts: First, Plaintiff concedes that calls 14-22 and 24-40 were placed to his cellular phone, not a residential phone. Given that Plaintiff has stated that he has three residential phone lines, Count IV fails as a matter of law with respect to alleged calls made to Plaintiff's cell phone. Second, Plaintiff does not allege that he received more than one telephone call within any 12-month period by or on behalf of the same entity.[1]

---

[1] While Plaintiff argues that he "has documented over 45 illegal telemarketing calls," Plaintiff only alleges three single incoming calls with respect to Movants

4

## VII. Plaintiff Fails To State That Defendants Initiated Calls Without Do Not Call Procedures

Plaintiff does not to set forth any allegations with respect to Defendants Grant, Adams, Powell, and Wickham that allows the Court to draw a reasonable inference that Movants have not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls. While in opposition, Plaintiff argues that Defendant Vongdara did not comply with 47 C.F.R. § 64.1200(d) because he did not provide Plaintiff with a copy of the do not call procedures, "Plaintiff cannot recover for [Defendant's] refusal to send him its do-not-call policy. He can only recover for a call made at a time when [Defendant] did not have such a policy in place." *Hamilton v. Voxeo Corp.*, No. CIV.A. 3:07-CV-404, 2009 WL 1868542, at *4 (S.D. Ohio June 25, 2009). Plaintiff fails to set forth any allegations that Vongdara failed to meet the minimum standards to be in compliance with 47 C.F.R. § 64.1200(d).

## VIII. Plaintiff Has No Private Right Of Action Under 47 C.F.R. 64.1601(E)(1)

Instead of citing any binding authority which agrees that there exists a private right of action under 47 C.F.R. 64.1601(e)(1), Plaintiff concludes that "[c]learly, the requirement for caller identification is an alternative method or procedure in protecting such privacy rights." However, "[w]here a statutory scheme and its

---

Powell, Grant, and Wickham. Plaintiff does not allege that he received any inbound calls from Movant Vongdara.

implementing regulations have expressly created a private right of action but have not expressly done so elsewhere in the same scheme, it is 'highly improbable' that Congress—or here, the FCC—absent mindedly forgot to mention an intended private action." *Meyer v. Cap. All. Grp.*, No. 15-CV-2405-WVG, 2017 WL 5138316, at *16 (S.D. Cal. Nov. 6, 2017). Moreover, Plaintiff's citation of *Dobronski v. Symmetry Energy Solutions, LLC*, No. 22-cv-10599, Dkt. 26, PageID.218 (E.D. Mich. Aug. 2, 2022) is misplaced, as the court noted that "it is not entirely clear whether Dobronski has a plausible claim under § 64.1601(e)." *Id*.

## IX. Plaintiff Fails To State A Claim For Willfulness

To support his willfulness claim, Plaintiff points to his allegation that he "alerted the caller that he did not wish to receive the telemarketing call." (ECF No. 70, PageID 592). However, Plaintiff did not allege that he requested not to be called until his outgoing "confrontation calls," which occurred after Plaintiff engaged in a campaign to bait Movants by posing as an interested customer in order to solicit contact. Plaintiff further argues that Movants failed to institute do not call procedures and blocked their caller ID. However, as set forth in Defendants' moving papers and Sections VII and VIII *supra*, Plaintiff does not state a claim under 47 C.F.R. § 64.1200(d) or have a private right of action under 47 C.F.R. § 64.1601(e)(1).

## X. Plaintiff Fails To State Claims Under MTCCCA And MHSSA

First, Plaintiff alleges that each call associated with Defendants Vongdara,

6

Powell, Grant, Wickham, or Adams was initiated by third party live telemarketers. Second, Plaintiff fails to allege that a feature blocking the caller identification information was initiated on any of the Calls at Issue. Rather, Plaintiff admits that the caller identification numbers were displayed for each of the calls and identifies the caller's phone numbers in turn. Third, none of the allegations related to Defendants Vongdara, Powell, Wickham, or Adams state that they called Plaintiff using a pre-recorded message. Fourth, in the calls in which Plaintiff alleges he spoke to Defendants, Plaintiff states that Defendants provided their respective names and organizations.[2]

**WHEREFORE**, Defendants respectfully request that the Court dismiss the Complaint with prejudice and order any other relief deemed just and proper.

Date: December 1, 2022            Respectfully submitted,

/s/ Armeen M. Shroff
Matthew J. Lund (P48632)
Armeen M. Shroff (P84354)
TROUTMAN PEPPER HAMILTON SANDERS LLP
4000 Town Center, Suite 1800
Southfield, Michigan 48075
Telephone: (248) 359-7300
matthew.lund@troutman.com
armeen.shroff@troutman.com

---

[2] In opposition, Plaintiff adds allegations that Defendants violated sections 445.111a(1) and 445.111b(3) of the MHSSA. However, considering that in Count XII of Plaintiff's Complaint, Plaintiff alleges that Defendants only violated sections 445.111a(5) and/or 445.111b(1), the court should dismiss Plaintiff's cause of action for failure to state a claim under sections 445.111a(5) and/or 445.111b(1).

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| MARK DOBRONSKI, <br><br> Plaintiff, <br><br> v. <br><br> FAMILY FIRST LIFE, LLC, et al., <br><br> Defendant. | Case No. 2:22-cv-12039-JJCG <br><br> Hon. Denise Page Hood <br><br> Magistrate Judge Jonathan J.C. Grey |

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2022, I caused a copy of the foregoing Defendant's Reply Brief in Further Support of Motion to Set Aside Default and this Certificate of Service to be electronically filed with the U.S. District Court, Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all ECF participants.

I further certify that a copy will be sent via U.S. Mail, postage prepaid, to:

Mark W. Dobronski
PO Box 85547
Westland, MI 48185-0547

I further certify that a courtesy copy will be sent via Federal Express to the Hon. Denise Page Hood, 231 W. Lafayette Blvd., Room 219, Detroit, MI 48226.

*/s/ Armeen Mistry Shroff*
ARMEEN MISTRY SHROFF (P84354)

136344990v1