# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| Mark W. Dobronski, | |
| Plaintiff, | Case No. 2:22-CV-12039<br>Judge: Denise Page Hood<br>Magistrate Judge: Jonathan J.C. Grey |
| v. | |
| Family First Life, LLC, Americo Financial Life and Annuity Insurance Company, et al., | |
| Defendants. | |

**AMERICO FINANCIAL LIFE AND ANNUITY INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

## TABLE OF CONTENTS

I. LR 7.1 Compliance ...................................................................................... 1

II. RESPONSE ................................................................................................ 2

   A.   The Complaint Fails to Give Americo Sufficient Notice of the Claims Asserted. ....................................................................................................... 2

   B.   Mr. Dobronski's Does Not Adequately Plead Vicarious Liability. ............ 3

   C.   Mr. Dobronski's Misstates the Established Business Relationship Rule. . 4

   C.   Mr. Dobronski's Claims Otherwise Fail. .................................................. 6

     i. Counts V, VI, VII, and IX Contain No Actionable Allegations Against Americo. ...................................................................................................... 6

     ii. Count X Fails as There is No Private Right of Action Under 47 C.F.R. 64.1604(e)(1). ............................................................................................... 7

III. CONCLUSION ......................................................................................... 7

I.     **LR 7.1 Compliance**

Prior to filing its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Dkt. 42] (the "Motion"), and as required under LR 7.1(a), Americo Financial Life and Annuity Insurance Company ("Americo"), through its counsel, spoke to Mark W. Dobronski via telephone on October 26, 2022, and explained the nature of the relief to be sought by way of the Motion. Mr. Dobronski expressly denied concurrence.

Mr. Dobronski has since made several references to an upcoming request for leave to file an amended complaint in response to the various pending motions to dismiss. Without seeing Mr. Dobronski's proposed pleading, Americo cannot meaningfully respond to Mr. Dobronski's request (which, despite liberal amendment standards, is improperly brought in his response brief). However, in an attempt to respect the resources of all parties, Americo's counsel attempted to confer with Mr. Dobronski after receipt of his response brief (the "Response") to stay briefing and argument on the Motion until an amended complaint was filed. Mr. Dobronski failed to respond, necessitating this reply brief.

In various filings, Mr. Dobronski has charged other parties with non-compliance with LR 7.1(a), yet Mr. Dobronski seems unwilling to comply with the spirit of the rule. Mr. Dobronski's tactic of forcing Americo to proceed with its Motion, and requiring this Court to devote resources to the same, while at the same time indicating that the Complaint will be amended, which would likely moot at least

this iteration of the Motion, should not be condoned. Still, because Mr. Dobronski has indicated that an amended complaint is forthcoming, Americo will not belabor the points outlined in the Motion. Instead, Americo provides this brief reply to address the most pressing issues in the Response.

## II. RESPONSE

Mr. Dobronski's claims of "blaming the victim" are without merit. As outlined in *Leyse v. Bank of Am. Nat'l Ass'n*, "[s]omeone with a generalized interest in punishing telemarketers," like Mr. Dobronski, may not, on this basis alone, qualify as within the zone of interests protected by the TCPA. 804 F.3d 316, 323 (3d Cir. 2015). Mr. Dobronski's Response and TPCA history, demonstrates that his regular campaigns to induce further calls *to the same phone numbers at issue herein* puts him outside of the scope of the TCPA. Mr. Dobronski is not a victim.

### A. The Complaint Fails to Give Americo Sufficient Notice of the Claims Asserted.

The Response fails to meaningfully demonstrate how the Complaint sufficiently identifies which defendant is responsible for which call(s). On the contrary, the Response doubles down on vague allegations about the "Defendants" and further compounds the confusing nature of the Complaint with a joint tortfeasor argument.[1] *See* Resp. Pg. 10. Americo is entitled to clear allegations as to which

---

[1] Mr. Dobronski's joint tortfeasor argument was not alleged in the Complaint and, thus, is improper before this Court. Americo, therefore, requests this Court disregard Mr. Dobronski's joint

Page 2

calls are alleged to relate to Americo and the factual basis upon which Plaintiff reached that conclusion; neither the Complaint nor the Response provides clarity.

Similarly, Mr. Dobronski's failure to provide the full numbers at which he alleges the calls were received remains problematic in this case. Mr. Dobronski insists he "has made sufficient factual allegations regarding defendants' calls in violation of the TCPA to survive a motion to dismiss" and that Americo is just "looking for a lame excuse <u>not</u> to search its records." Resp. Pgs. 8 – 9. However, this is *not* a direct liability case, and Americo did not initiate the calls. Thus, it would not have the kind of call records Mr. Dobronski seemingly refers to. Accordingly, Mr. Dobronski's failure to provide his full number remains problematic in this case.

### B. Mr. Dobronski's Does Not Adequately Plead Vicarious Liability.

In addition to the Complaint being vague and downright confusing as to which defendant is charged with what malfeasance, Mr. Dobronski's allegations of vicarious liability remain deficient.

Mr. Dobronski alleges that Americo is liable under the Telephone Consumer Protection Act, but not because Americo initiated any calls. Indeed, the Complaint does not chronicle any interactions between Mr. Dobronski and Americo *at all.* In the Response, Mr. Dobronski concedes that "it may be true that Americo may not

---

tortfeasor or "concert of action theory" argument until he obtains leave to put the claim properly before the Court.

Page 3

have not directly initiated the alleged telephone calls." Resp. Pg. 3 (emphasis added). Instead, Mr. Dobronski asserts that Americo is liable for the actions of its "agents." Yet, as put forth in the Motion, Mr. Dobronski failed to sufficiently plead a claim for vicarious liability. The Response does not cure this deficiency.

As outlined in the Motion, the principal must have some control over the agent's actions. Mr. Dobronski concludes that it is "clear" that Americo utilized third parties because Olivia Perez, who is not alleged to have initiated any calls and is alleged to be "with Family First Life," *not Americo*, tried to "sell Plaintiff a $20,000 life insurance policy from Americo." *See* Resp. Pg. 4. These conclusory allegations do not show an agency relationship or control between any of the alleged callers and Americo. Mr. Dobronski has not put forth any factual allegations that could plausibly demonstrate that Americo provided the named individuals with the authority or direction to place any unlawful calls to Mr. Dobronski. Apart from the conclusions in the Response, Mr. Dobronski has put nothing before this Court to plausibly demonstrate that Americo "all knew that their third-party telemarketers were placing unlawful calls…" *See* Resp. Pg. 6. Moreover, for Americo to be liable under an agency theory, Mr. Dobronski must first demonstrate the "agent" is liable. As outlined in various other motions to dismiss, Mr. Dobronski has failed to meet his pleading burden as to the alleged "agents," too, and thus, the Complaint fails.

    **C.**    **The Established Business Relationship Rule Applies.**

Page 4

In response to Count IV, Americo argues that Mr. Dobronski's claim under 47 C.F.R. § 64.1200(c)(2) fails because, based on his "canary trap" tactics, Mr. Dobronski created an established business relationship. In the Response, Mr. Dobronski argues, "the FCC eliminated the established business relationship exemption <u>with respect to telemarketing robocalls</u>..." Resp. Pg. 12 (emphasis added). Mr. Dobronski fails to acknowledge that the referenced holding concerns "prerecorded telemarketing calls." *In re Rules & Regulations Implementing the Tel. CPA of 1991*, 27 FCC Rcd 1830, 1845 (F.C.C. February 15, 2012) ("We next consider whether to retain the exemption to the prior consent requirement for prerecorded telemarketing calls made to consumers with whom the caller has an established business relationship (EBR).") Count IV of the Complaint does not allege that Americo engaged in prerecorded telemarketing[2] or robocalls.[3] Further, the established business relationship exemption applies to do-not-call claims, which is precisely the claim brought in Count IV of the Complaint. *See LaGuardia v. Designer Brands, Inc.*, No. 2:20-cv-2311, 2020 U.S. Dist. LEXIS 199262, at *28 (S.D. Ohio Oct. 27, 2020) ("The TCPA exempts a call from the definition of a 'telephone solicitation' if 'the caller has an established business relationship'…").

---

[2] The only allegations in the Complaint regarding prerecorded messages are Calls 3 and 12. Call 3 was from "Brad from U.S. Benefits," and bears no connection to Americo. Compl. ¶ 82. Call 12 was from "Patricia" from "Senior Benefits" and bears no connection to Americo. Compl. ¶ 140.

[3] Indeed, nothing in the Complaint plausibly suggests Americo used an ATDS.

### C. Mr. Dobronski's Claims Otherwise Fail.

As referenced above, given the impending request from Mr. Dobronski to file an amended pleading and Mr. Dobronski's admitted "typographical error," which he claims will be corrected, Americo will not revisit each claim. Still, certain issues raised in the Response require further clarification.

> *i. Counts V, VI, VII, and IX Contain No Actionable Allegations Against Americo.*

Nothing in the Response demonstrates any actionable allegations against Americo contained in Counts V, VI, VII, and IX. For his Response, Mr. Dobronski halfheartedly argues that he knows about the training or internal policies for the "calling entities" – again, Mr. Dobronski continues to improperly lump all defendants into the same categories – because he "asked Vongdara for a copy of his written do not call policy, Vongdara did not have one." Resp. Pg. 15 – 16.

"[C]ourts have interpreted these provisions to find violations if a person or entity places a phone call without first having these procedures in place." *Shelton v. CSG Sols. Consulting LLC*, No. 6:18-cv-1335-Orl-41KRS, 2019 U.S. Dist. LEXIS 235446, at *6 (M.D. Fla. Feb. 5, 2019); *Hamilton v. Voxeo Corp.*, No. 07-404, 2009 U.S. Dist. LEXIS 53619, 2009 WL 1868542, at *4 (S.D. Ohio June 25, 2009) (Plaintiff cannot recover for refusal to do-not-call policy); *Shelton v. CSG Sols. Consulting LLC*, No. 6:18-cv-1335-Orl-41KRS, 2019 U.S. Dist. LEXIS 235446, at *6 (M.D. Fla. Feb. 5, 2019) (a failure to provide a do-not-call policy on demand or

place a consumer's name on a do-not call list does not in itself constitute a violation.) Mr. Dobronski has not established that *Americo* did not have such policies.

    *ii. There is No Private Right of Action Under 47 C.F.R. 64.1604(e)(1).*

Nothing in the Response demonstrates a recognized private right of action under 47 C.F.R. 64.1604(e)(1). Instead of providing binding authority to demonstrate such a right, Mr. Dobronski simply disputes prior findings that section 64.1601(e) does not convey a private right of action. *See Dobronski v. Selectquote Ins. Servs.,* 462 F. Supp. 3d 784, 790 (E.D. Mich. 2020) (dismissing section 64.1601(e) claim brought by Plaintiff); *see also Dobronski*, 2021 U.S. Dist. LEXIS 186528, at *5 (E.D. Mich. Sep. 29, 2021) (same).

## III. CONCLUSION

For the reasons detailed in Americo's Motion and above, Mr. Dobronski's claims fail and should be dismissed with prejudice.

Dated: December 5, 2022                      Respectfully submitted,

                                                    /s/ Travis Mihelick
                                                    Karen S. Hockstad (P47409)
                                                    Travis Mihelick (P73050)
                                                    900 Wilshire Drive, Suite 300
                                                    Troy, Michigan 48084
                                                    (248) 203-1655 / (248) 647-5210 (fax)
                                                    Travis.mihelick@dinsmore.com

                                                    ***Attorneys for Americo Financial Life***
                                                    ***and Annuity Insurance Company***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was sent via first class mail on December 5, 2022 to the following;

Mark W. Dobronski
P.O. Box 85547
Westland, MI  48185

Lewis Jan Friedman
921 Ormsby St.
Vista, CA 92084

*/s/ J. Travis Mihelick*
J. Travis Mihelick