UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARK DOBRONSKI, | Case No. 2:22-cv-12039-JJCG |
| Plaintiff, | Hon. Denise Page Hood |
| v. | Magistrate Judge Jonathan J.C. Grey |
| FAMILY FIRST LIFE, LLC, et al., | |
| Defendant. | |

**DEFENDANTS EMMANUEL CHIBUZOR IGWEH AND VANINA E. BONANNO'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

## I. Plaintiff Does Not Have Article III Standing

Plaintiff does not set forth factual allegations demonstrating that he suffered any actual injury in fact that is particularized and affected him in a personal way.[1] S*ee Smith v. Aitima Med. Equip., Inc.*, No. ED 16 CV 339 ABD-TBX, 2016 WL 4618780, at *4 (C.D. Cal. July 29, 2016) (Plaintiff's allegation that she suffered a nuisance, resulting from one call, was too *de minimis* to confer standing). Moreover, any alleged injury would not be traceable to the actions of these Defendants. Plaintiff alleges that Defendant Bonanno sent him an email following Call 1, which was initiated by another individual "John with American Senior Benefits." Plaintiff further alleges that he received a single telephone call (Call 2) initiated by a third party and spoke to Defendant Bonanno only after the call was transferred. Moreover, Plaintiff alleges that the only time that he spoke with Defendant Igweh was during a series of "confrontation calls," which were initiated by Plaintiff and took place following the 45 calls at issue. Even if Plaintiff sufficiently alleged an injury, which he does not, given that Plaintiff engaged in a campaign to bait whoever he spoke to

---

[1] While Plaintiff also argues that Movants failed to comply with E.D. Mich, L.R. 7.1(a) in filing the instant motion, Plaintiff presents no legal basis that a request for concurrence by email constitutes unreasonable efforts for a conference. Counsel for Movants emailed Plaintiff on November 21, 2022 requesting Plaintiff's consent to Movant's motion and explaining the nature and legal basis of the motion. (ECF No. 75 PageID. 646 and Ex.1). Movants offered to discuss the contents of the motion further, in accordance with Mich. LR 7.1(a)(1).

in order to invite further calls, Plaintiff's interests are not within the zone of interests to be protected under the TCPA. *See Stoops v. Wells Fargo Bank, Nat. Ass'n*, 197 F. Supp. 3d. 782 (W.D. Penn. 2016) (Plaintiff's interests, which include purchasing phones with hope of receiving calls from creditors for purpose of collecting statutory damages, are not "among the sorts of interests [the TCPA was] specifically designed to protect."); *Leyse v. Bank of America Nat Ass'n*, No. 11-7128-SDW-SCM, 2020 WL 1227410 (March 13, 2020 D.N.J.) (finding the record suggested Plaintiff welcomed and consented to the call).

## II. Plaintiff Fails To Plead That Movants Used An Automatic Telephone Dialing System

"[T]he mere placement of calls to a cellular phone without the recipient's consent, standing alone, does not violate the TCPA provision implicated by Plaintiff's complaint; rather, a plaintiff must allege that the calls were made "using any automatic telephone dialing system or an artificial or prerecorded voice." *Wallack v. Mercantile Adjustments Bureau, Inc.*, No. 14-10387, 2014 WL 1515852, at *3 (E.D. Mich. Apr. 18, 2014). In opposition, Plaintiff conclusively states that "a 4-5 second delay after saying 'hello'" somehow rises to a reasonable inference that an ATDS was used, without offering any legal or factual support that a delay creates a presumption of an ATDS. Plaintiff reliance on *Duchene v. Onstar, LLC*, No. 15-13337, 2016 WL 3997031 (E.D. Mich. July 26, 2016) *and Libby v. Nat'l Republican Senatorial Comm.*, 551 F. Supp. 3d 724, 728 (W.D. Tex. 2021), is misplaced. In

2

*Duchene*, the court noted that the plaintiff alleged that plaintiff heard nothing when he answered the call and plaintiff received a robotic, automated screeching and beeping voicemail. In *Libby*, Plaintiff's complaint stated that the defendant sent text messages which were "generic and obviously prewritten," and that the "texts include[d] links containing pre-recorded video." Additionally, the complaint stated that the defendant's website used "recurring autodialed marketing messages" in its "opt-in messaging program." Here, Plaintiff makes no such allegations which would create a reasonable inference that an ATDS was used.

**III.    Plaintiff Fails To Allege That Defendants Initiated The Calls At Issue**

Plaintiff has failed to state that Movants initiated, caused, or directed any calls to be initiated. With respect to Calls At Issue, while Plaintiff concedes that Movants "may not have directly initiated the telephone calls," Plaintiff fails to allege that the third parties acted on behalf of and subject to the control of Movants. *Lucas v. Telemarketer,* No. 18-3633, 2019 WL 3021233 (6th Cir. May 29, 2019) (holding that "knowingly assisting telemarketers," did not amount to the "formal agency," "apparent authority," or "ratification" necessary to allege a TCPA violation under a vicarious liability theory.).

**IV.    Plaintiff's Extraneous Allegations and Exhibits Cannot Be Considered**

In his opposition, Plaintiff introduces additional allegations that Igweh "has several videos appearing on www.youtube.com wherein Igweh coaches FFL agents,

3

including on 'how to make a 100 calls in an hour using a powerful auto dialing'". These allegations are not in the complaint. A plaintiff cannot draw upon facts outside the Complaint in opposition to a motion to dismiss and "[i]t is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Ross v. Fed. Nat. Mortg. Ass'n*, No. 13-12656, 2014 WL 3597633, at *8 (E.D. Mich. July 22, 2014) citing *Roulhac v. Southwest Reg'l Transit Auth.,* No. 07–408, 2008 U.S. Dist. LEXIS 119260, at *9. Accordingly, all supplemental allegations raised in plaintiffs' opposition brief should be disregarded.

**V.     An Amended Complaint Would Be Futile**

Plaintiff states that he will amend his complaint to allege that only calls 16 and 42-45 were in violation of 47 C.F.R. 64T,1200(a)(6). However, an amendment would be futile because the complaint would not survive a motion to dismiss, as neither of the Movants initiated or authorized the calls. *Macomb Interceptor Drain Drainage Dist. v. Kilpatrick*, 896 F. Supp. 2d 650, 669 (E.D. Mich. 2012). It would be pure speculation to assume that calls 16 and 42-45 were initiated or authorized by Movants or that the Movants were tied to the calls based upon the caller identification number. Plaintiff does not and cannot allege that (1) Plaintiff knew who initiated these specific calls or directed the calls to be made or (2) an agency relationship existed between Movants and the individuals who initiated the calls.

4

## VI. Plaintiff Fails To State A Claim Under § 227(c)(5) Of The TCPA

Count IV fails to state a claim on two fronts: First, Plaintiff concedes that calls 14-22, 24-40, and the August 16, 2022 "confrontation call" were placed to his cellular phone, not a residential phone. Given that Plaintiff has stated that he has three residential phone lines, Count IV fails as a matter of law with respect to alleged calls made to Plaintiff's cell phone. Second, Plaintiff does not allege that he received more than one telephone call within any 12-month period by or on behalf of the same entity.[2]

## VII. Plaintiff Fails To State That Defendants Initiated Calls Without Do Not Call Procedures

Plaintiff does not to set forth any allegations with respect to Movants that allow the Court to draw a reasonable inference that Movants have not instituted do-not-call procedures. Without any factual basis, Plaintiff concludes that "[g]iven the sheer numerosity of the illegal telemarketing calls set forth in the Complaint…this is ample evidence that Movants do not have, have not been trained in, and certainly have not implemented the required written policies and procedures." However, contrary to Plaintiff's conclusory assertion, violation of 47 C.F.R. § 64.1200(d)

---

[2] While Plaintiff argues that he "has documented over 45 illegal telemarketing calls," Plaintiff only alleges one single incoming in which he spoke with Bonanno. Plaintiff alleges that he received one inbound call from Igweh, as part of his campaign of "confrontation calls."

stems from the initiation of a phone call without Defendant having implemented the minimum procedures required by the regulations. Plaintiff does not allege any factual allegations that demonstrate the existence—or lack thereof—of do-not-call procedures.

## VIII. Plaintiff Has No Private Right Of Action Under 47 C.F.R. 64.1601(e)(1)

Instead of citing any binding authority that grants a private right of action under 47 C.F.R. 64.1601(e)(1), Plaintiff concludes without basis that "[c]learly, the requirement for caller identification is an alternative method or procedure in protecting such privacy rights." However, "[w]here a statutory scheme and its implementing regulations have expressly created a private right of action but have not expressly done so elsewhere in the same scheme, it is 'highly improbable' that Congress—or here, the FCC—absent mindedly forgot to mention an intended private action." *Meyer v. Cap. All. Grp.*, No. 15-CV-2405-WVG, 2017 WL 5138316, at *16 (S.D. Cal. Nov. 6, 2017). Moreover, Plaintiff's citation of *Dobronski v. Symmetry Energy Solutions, LLC*, No. 22-cv-10599, Dkt. 26, PageID.218 (E.D. Mich. Aug. 2, 2022) is misplaced, as the court noted that "it is not entirely clear whether Dobronski has a plausible claim under § 64.1601(e)." *Id*.

## IX. Plaintiff Fails To State A Claim For Willfulness

Plaintiff alleges that he requested that Movants cease calls only during his outgoing "confrontation calls," which occurred after Plaintiff engaged in a campaign

to bait callers by posing as an interested customer in order to solicit contact. Moreover, Plaintiff's reliance on his allegations that Movants violated 47 C.F.R. § 64.1200(d) and 47 C.F.R. § 64.1601(e)(1) also fails, because as set forth in Defendants' moving papers and Sections VIII and IX *supra*, Plaintiff does not state a claim under 47 C.F.R. § 64.1200(d) or have a private right of action under 47 C.F.R. § 64.1601(e)(1).

X. **Plaintiff Fails To State Claims Under MTCCCA And MHSSA**

First, Plaintiff alleges that each call associated with Defendants Bonanno and Igweh was initiated by third party live telemarketers. Second, Plaintiff fails to allege that a feature blocking the caller identification information was initiated on any of the Calls at Issue. Rather, Plaintiff admits that the caller identification numbers were displayed for each of the calls and identified the caller's phone numbers. Third, none of the allegations related to Defendants Bonanno and Igweh assert usage of a pre-recorded message.

**WHEREFORE**, Defendants respectfully request that the Court dismiss the Complaint with prejudice and order any other relief deemed just and proper.

Date: December 22, 2022              Respectfully submitted,

                                     */s/ Matthew J. Lund*
                                     Matthew J. Lund (P48632)
                                     Armeen M. Shroff (P84354)
                                     TROUTMAN PEPPER HAMILTON SANDERS LLP
                                     4000 Town Center, Suite 1800
                                     Southfield, Michigan 48075

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| MARK DOBRONSKI, | Case No. 2:22-cv-12039-JJCG |
| Plaintiff, | Hon. Denise Page Hood |
| v. | Magistrate Judge Jonathan J.C. Grey |
| FAMILY FIRST LIFE, LLC, et al., | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2022, I caused a copy of the foregoing Defendant's Reply Brief in Further Support of Motion to Set Aside Default and this Certificate of Service to be electronically filed with the U.S. District Court, Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all ECF participants.

I further certify that a copy will be sent via U.S. Mail, postage prepaid, to:

Mark W. Dobronski
PO Box 85547
Westland, MI 48185-0547

I further certify that a courtesy copy will be sent via Federal Express to the Hon. Denise Page Hood, 231 W. Lafayette Blvd., Room 219, Detroit, MI 48226.

*/s/ Matthew J. Lund*
Matthew J. Lund (P48632)