# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MARK W. DOBRONSKI**,

        Plaintiff,

v.

**FAMILY FIRST LIFE, LLC**, *et al.*,

        Defendants.

Case No.  **2:22-cv-12039-DPH-JJCG**

Honorable Denise Page Hood
United States District Judge

Honorable Jonathan J.C. Grey
United States Magistrate Judge

_____

### PLAINTIFF MARK W. DOBRONSKI'S REPLY TO DEFENDANT FAMILY FIRST LIFE, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY

Plaintiff Mark W. Dobronski ("Dobronski"), appearing *in propria persona*, hereby replies to *Defendant Family First Life, LLC's Response in Opposition to Plaintiff Mark W. Dobronski's Motion for Leave to Conduct Expedited Discovery* [ECF No. 90], and respectfully shows as follows:

Defendant Family First Life, LLC ("FFL") has filed *Defendant Family First Life, LLC's Motion to Set Aside Clerk's Entry of Default and Quash Service in Accordance with Fed. R. Civ. P. 4(h) and 55(c) and Mich. Ct. R. 2.105(h)* [ECF No. 59] arguing that "Dobronski failed to effectuate proper service of process on FFL because he did not personally deliver a copy of the summons and complaint to an

authorized individual..." [ECF No. 59, PageID.441]. As a result, FFL argues, "[w]ithout proper service of process, this court cannot exercise personal jurisdiction over FFL." [ECF No. 59, PageID.441].

      **1.    Plaintiff's request for expedited discovery has been narrowly tailored for the limited purpose of determining whether or not FFL was properly served.**

Quintessential to the review of whether service of process was properly effected or not – and, hence, personal jurisdiction over FFL has been had by this Court – is identifying whether FFL complied with Connecticut law and had a registered agent for service of process of FFL and who that person is or was on October 11, 2022, which is when process was served upon FFL. [ECF No. 48].

The answer to that quintessential question would appear to be within the custody and control of FFL, and specifically, within the knowledge of one Shawn Meaike, who is listed as FFL's registered agent in the records of the Connecticut Secretary of State. [ECF No. 80, PageID. 765].

As such, Plaintiff has filed *Plaintiff Mark W. Dobronski's Motion for Leave to Conduct Expedited Discovery* [ECF No. 80] which discovery has been narrowly tailored for the sole and very limited purpose of determining matters relevant to whether or not Meaike is, in fact, FFL's registered agent in Connecticut. As set forth in Plaintiff's motion, questions to be posed to Meaike include: (1) Where does

Meaike reside?; (2) When did Meaike relocate from Connecticut to Florida; and, (3) Where is Meaike's office located? [ECF No. 80, PageID. 765]. Answers to these questions would be quite helpful to this Court in determining whether FFL complied with Connecticut law by having a registered agent who is a <u>resident</u> of the state and/or whether FFL ceased to have a registered agent when Meaike, allegedly, relocated to Florida. See Ct. Gen. Stat. 34-243n and Ct. Gen. Stat. 34-243r.

As FFL has admitted, the question of whether FFL was properly served goes directly to the question of whether or not this Court has acquired personal jurisdiction over FFL. [ECF No. 59, PageID.441]. Under these circumstances, courts will fairly routinely grant a motion for expedited discovery for purposes of ascertaining jurisdictional issues. Plaintiff merely seeks to search for the truth: Is Shawn Meaike legitimately the registered agent of FFL or not? Since a Connecticut limited liability company must have a natural person who is a <u>resident</u> of Connecticut as its registered agent, if Meaike has relocated to and is now a resident of Florida then he cannot be the registered agent of FFL in Connecticut.[1]

"A lawsuit is a search for the truth." *Vance v. Rice*, 524 F. Supp. 1297, 1300

---

[1] Under Connecticut law, Meaike also had a legal obligation to promptly notify the Connecticut Secretary of State of his change of address. Ct. Gen. Stat. 34-243o. As of the date of this reply brief being filed, the records of the Connecticut Secretary of State still reflect Shawn Meaike of Uncasville, Connecticut as being the registered agent of FFL.

(S.D. Iowa 1981). By allowing this narrowly tailored and very focused jurisdictional discovery being urged by Plaintiff, the Court will be facilitating the search for the truth. The district court may allow a party asserting jurisdiction to conduct discovery to help establish the jurisdictional facts. *Williams International Co., LLC v. Zurich American Insurance Co.*, 2021 WL 1056844, at *1 (E.D.Mich., 2021) (Patti, M.J.) The trial court has "broad discretion in determining whether to grant jurisdictional discovery[.]" *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 626 (1st Cir. 2001). See also *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981) ("the scope of discovery is within the sound discretion of the trial court.").

### 2. Plaintiff Will Suffer Concrete Harm.

Contrary to FFL's assertions, Plaintiff will suffer a concrete harm. FFL's argument is that FFL was not properly served and, therefore, the Court does not have personal jurisdiction over FFL. Although FFL argues that Plaintiff should wait until after the Rule 26 scheduling conference, when discovery normally begins, the fact is that, if this Court does not have personal jurisdiction over FFL, then FFL will not be at that scheduling conference and will not be participating in discovery. In short, FFL appears to be trying to short circuit the process so that FFL may walk from the lawsuit and not be held accountable for its illegal and tortious misconduct.

### 3. Expediting Discovery Will Contribute to Moving This Case Forward.

4

FFL argues that expediting discovery will not substantially contribute to moving this case forward. FFL expressly notes that "the 'substantially contribute' requirement refers to *whether* a case can proceed, rather than *how quickly* a case can proceed." [ECF No. 90, PageID.856]. And, that is precisely what is at issue in Plaintiff's Motion: *whether* the case can proceed. If the Court has no personal jurisdiction over FFL, then the case cannot proceed against FFL; FFL walks!

### 4. Plaintiff's Need for Expedited Discovery and the Burden of Same.

FFL argues that "Plaintiff's request imposes a substantial burden on FFL and should be denied", and points to "the significant amount of time and resources required to prepare..." [ECF No. 90, PageID. 857]. It fathoms credulity to believe that Shawn Meaike needs "a significant amount of time and resources to prepare" to answer such perfunctory questions as: (1) Where do you reside?; (2) When did you relocate from Connecticut to Florida; and, (3) Where is your office located? [ECF No. 80, PageID. 765]. Indeed, Plaintiff has every reason to believe that the examination of Meaike can reasonably be completed in substantially less than 30 minutes, assuming no inordinate or marathon objections being interposed during the deposition by FFL's attorneys.

Yet, the importance of these very narrowly tailored and very limited questions

5

are critical, as these very questions will elicit essential facts for the Court to consider in making a determination on FFL's motion to set aside default [ECF No. 59].

## CONCLUSION

Plaintiff's motion shows good cause for allowing the limited and narrowly tailored jurisdictional discovery being sought. FFL suffers no prejudice or substantial burden. The limited jurisdictional discovery being sought by Plaintiff contributes to allowing this case to move forward against FFL.

For the foregoing reasons, Plaintiff respectfully requests that this Court enter its order permitting Plaintiff to conduct expedited discovery prior to the Rule 26(f) scheduling conference and prior to the hearing of FFL's Motion [ECF No. 59] by allowing Plaintiff to take the *de bene esse* deposition of Shawn Meaike as set forth herein.

Respectfully submitted,

Date: December 27, 2022

_____
Mark W. Dobronski
Post Office Box 85547
Westland, Michigan 48185-0547
Telephone: (734) 330-9671
Email: markdobronski@yahoo.com
Plaintiff *In Propria Persona*

## CERTIFICATE OF SERVICE

      I, Mark W. Dobronski, certify that on **December 27, 2022**, I caused a copy of the foregoing *Plaintiff's Mark W. Dobronski's Reply to Defendant Family First Life, LLC's Response in Opposition to Plaintiff Mark Dobronski's Motion for Leave to Conduct Expedited Discovery* to be served by sending same in a sealed envelope, with first-class postage fully prepaid thereupon, and deposited in the United States Mail, addressed as follows:

D. Peter Valiotis, Esq.
Clark Hill
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3435

Lewis Jan Friedman
921 Ormsby Street
Vista, California 92084-1436

John T. Mihelick, Esq.
Dinsmore & Shohl, LLP
900 Wilshire Drive, Suite 300
Troy, Michigan 48084-1600

Jennifer W. Weller, Esq.
Hinshaw & Culbertson, LLP
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606-1915

Matthew J. Lund, Esq.
Troutman Pepper Hamilton Sanders LLP
4000 Town Center, Suite 1800
Southfield, Michigan 48075-1505

Marisa Maleck, Esq.
King & Spalding, LLP
1700 Pennsylvania Avenue NW, Suite 900
Washington, DC 20006-4730

*/s/ Mark W. Dobronski*
_____
Mark W. Dobronski