UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

    Plaintiff,

v.

FAMILY FIRST LIFE, LLC, *et al.*,

    Defendants.

_____/

Case No. 22-12039

HON. DENISE PAGE HOOD

**ORDER GRANTING DEFENDANT FAMILY FIRST LIFE, LLC'S MOTION TO SET ASIDE DEFAULT [ECF No. 59] and DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY [ECF No. 80]**

**I.    INTRODUCTION**

On August 31, 2022, *pro se* Plaintiff Mark W. Dobronski filed a Complaint alleging violations of Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, *et seq*. (Counts I-X); the Michigan Telephone Companies as Common Carriers Act ("MTCCCA"), M.C.L. § 484.101, *et seq*. (Count XI); and the Michigan Home Solicitation Sales Act ("MHSSA"), M.C.L. § 445.101, *et seq*. (Count XII). ECF No. 1. Defendant Family First Life, LLC ("FFL") is one of the named Defendants.

On November 2, 2022, Plaintiff requested a Clerk's Entry of Default against FFL. ECF No. 49. Based on Plaintiff's representations, the Clerk of the Court

entered default against FFL on November 2, 2022. ECF. No. 50. On November 4, 2022, Plaintiff requested, and the Clerk of the Court denied, Plaintiff's request for entry of default judgment against FFL due to "Discrepancy in Affidavit of Sum Certain." ECF Nos. 54, 55.

On November 10, 2022, FFL filed a Motion to Set Aside Clerk's Entry of Default ("Motion to Set Aside Default"). ECF No. 59. The Motion to Set Aside Default has been fully briefed. On November 29, 2022, Plaintiff filed a Motion for Leave to Conduct Expedited Discovery ("Discovery Motion"). ECF No. 80. The Discovery Motion is fully briefed. For the reasons that follow, the Motion to Set Aside Default is granted, and the Discovery Motion is denied as moot.

## II.   BACKGROUND

FFL is a limited liability company, organized and existing under the laws of the State of Connecticut, which is also the state in which FFL has its principal place of business. On October 7, 2022, Plaintiff mailed a copy of the Complaint and summons *via* certified mail to FFL's office address in Connecticut. ECF No. 48. Plaintiff did not specify any person to whom the mailing was to be delivered, instead only addressing the mailing as follows:

> FAMILY FIRST LIFE LLC
> 80 NORWICH NEW LONDON TPKE STE 1-B
> UNCASVILLE, CT 06382-2527

*Id.* The Complaint and summons were delivered on October 11, 2022 and signed for by someone (the signature is not legible, nor is there any other indication on the receipt who signed). *Id.*

FFL never acknowledged the foregoing delivery as proper service of process. On October 20, 2022, counsel for FFL (who is not authorized to accept service on behalf of FFL) sent Plaintiff a letter stating that service was improper and that she would recommend that FFL file a motion for sanctions if Plaintiff attempted to claim otherwise. ECF No. 59-1 (at ¶ 3). As noted above, Plaintiff requested and was granted a Clerk's entry of default on November 2, 2022, but the Clerk of the Court denied his request for default judgment on November 4, 2022.

## III. ANALYSIS

The Motion to Set Aside Default turns on whether FFL was properly served.

### A. Legal Standard

Pursuant to Federal Rules of Civil Procedure 55(c), an entry of default may be set aside only upon the showing of: (1) mistake, inadvertence, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of the adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from judgment. *See also Burrell v. Henderson*, 434 F.3d 826 (6th Cir. 2006); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839 (6th Cir. 1983).

As set forth in *United Coin*, the Court also must determine that good cause exists for setting aside a default by assessing whether: (a) the plaintiff will be prejudiced; (c) the defendant has a meritorious defense; and (c) culpable conduct of the defendant led to the default. *Id.* at 845; *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). As the entry of default is a harsh sanction, "[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits. *United Coin*, 705 F.2d at 846; *Shepard*, 796 F.2d 193 (there is a strong preference for deciding cases on the merit rather than by default).

B.  **Motion to Set Aside Default**

A named defendant "becomes a party officially, and is required to take action in that capacity, only upon [proper] service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S 344, 350 (1999). As the Sixth Circuit has held, "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *Wells v. Rhodes*, 592 F. App'x 373, 377 (6th Cir. 2014) (quoting *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012)). *See also King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (explaining that "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named

defendant[,]" and "in the absence of personal jurisdiction, a federal court is powerless to proceed to an adjudication." (internal quotation marks and citations omitted)); *Sandoval v. Bluegrass Regional Mental Health-Mental Retardation Board*, 229 F.3d 1153, No. 99-5018, 2000WL 1257040, at *5 (6th Cir. 2000) (TABLE) (citing 10 A. Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2682) ("Without proper service of process, the district court is without jurisdiction to make an entry of default against a defendant."); *Etherly v. Rehabitat Systems of Mich.*, No. 13-11360, 2013 WL 3946079 (E.D. Mich. July 31, 2013) ("if service of process was not proper, the court must set aside an entry of default.").

As a court in the Eastern District of Michigan stated:

> When evaluating either a motion to set aside a proper entry of default or a default judgment, the court considers three factors: 1) whether the default was the result of the defendant's willful or culpable conduct; 2) whether the plaintiff would be prejudiced if the default is set aside; and 3) whether the defendant asserts any meritorious defenses to the claims. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1989).
>
> "However, these three factors only require consideration when service of process is properly effected because without proper service the court has no jurisdiction to take any action over the defendant, including entering a default." *Adams v. Wilmington Finance/AIG*, 2012 U.S. Dist. LEXIS 98525, 2012 WL 2905918 at * 1 (E.D. Mich. 2012). "In other words, until a party has been properly served, the Court cannot take action against that party, including entering a default or judgment by default against that party." *Harper v. ACS-INC.*, 2010 U.S. Dist. LEXIS 114760, 2010 WL 4366501 at * 3 (E.D. Mich. 2010). Accordingly, "if service of process was not proper, the court must set aside an entry of default." *O.J. Dist., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003).

*Green v. City of Southfield*, No. 15-13479, 2016 U.S. Dist. LEXIS 208936, at **5-6 (E.D. Mich. Feb. 22, 2016) (emphasis added).

The Clerk's entry of default against FFL must be set aside. Plaintiff was obligated to serve FFL (a limited liability company) in compliance with Federal Rule of Civil Procedure 4, including Rule 4(h) and Rule 4(e). Rule 4(h) requires that a plaintiff make personal service on "an officer, a managing agent or general agent, or another agent authorized by appointment or by law to receive service of process." The rule also does not allow for service of process upon limited liability companies simply by mail. *O.J. Distributing, Inc. v. Hornel Brewing Co., Inc.*, 340 F.2d 345, 354-55 (6th Cir. 2003) (having a receptionist sign for an overnight package is not sufficient under Rules 4(b) and (h); *Larsen v. Mayo Med. Or.*, 218 F.3d 863, 868 (8th Cir. 2000); *Etherly*, 2013 WL 3946079 (improper service where "someone at Rehabitat acknowledged receipt" of a certified mail package because "Rule 4(h)(1) does not authorize service of process by mail; it requires mailing combined with personal service of the agent.").

Alternatively, a plaintiff can effectuate service by complying with certain state laws pertaining to service of process. Rule 4(e)(1) provides that service of process must "follow[] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located" (in this case, Michigan) or "where service is made" (in this case, Connecticut). Courts in the

6

Eastern District of Michigan consistently have held that proper service in Michigan does not include service by mail only. *See, e.g., Harper v. ACS-Inc.*, No. 10-12112, 2010 WL 4366501, at *3 (E.D. Mich., Oct. 28, 2010); *Walker v. Brooke Corp.*, No. 8-14574, 2009 WL 1689653, at *1 (E.D. Mich., June 17, 2009); *Mosley v. Faurecia Auto. Seating, Inc.*, No. 08-10130, 2008 WL 1925051 (E.D. Mich., May 1, 2008); and *State Farm Fire & Cas. Co. v. Hamilton Beach/Proctor Silex, Inc.*, No. 05-74700, 2007 WL 127909 (E.D. Mich., Jan. 11, 2007).

Connecticut requires personal delivery of the complaint and summons by "leaving a true and attested copy with such company's registered agent." Conn. Gen. Stat. Ann. § 34-243r(a). Subsection (c) of the Connecticut rule allows for service by certified mail at the company's principal office address when the "company ceases to have a registered agent, or if its registered agent cannot with reasonable diligence be served." § 34-243r(c). In Plaintiff's affidavit, however, he acknowledges that Shawn Meaike is the registered agent for receiving service on FFL in Connecticut. ECF No. 65, PageID.543. Plaintiff offers no argument as to why he could not serve Meaike properly "with reasonable diligence." *Advanced Linen Grp., Inc. v. Bear & Grill Rest., LLC*, 65 Conn.L.Rptr. 241, 2017 WL 5015226, at * 3 (Sup. Ct. Conn. Sept. 7, 2017) (holding that plaintiff did not make the required reasonable efforts when the process server only attempted service at a single address listed on the government record despite multiple addresses being listed). Plaintiff's affidavit

reflects that he also could have attempted to serve Meaike at a Florida address, but Plaintiff did not attempt to do so. ECF No. 65, PageID.547.

For the reasons stated above, the Court concludes that: (1) Plaintiff did not properly serve FFL; and (2) the Court did not have personal jurisdiction over, nor the authority to enter a default against, FFL. The Court therefore grants the Motion to Set Aside Default.

**C.    Discovery Motion**

Plaintiff seeks to take the deposition of Meaike, as resident agent for FFL, prior to the Rule 26(f) scheduling conference in this case. Plaintiff desires to question Meaike regarding the allegations raised by FFL in the Motion to Set Aside Default. The Court has determined that the Motion to Set Aside Default should be granted, and the Court does not have jurisdiction over FFL (or Meaike) at this time.

In order to ensure that Plaintiff has the proper person and address upon whom to serve FFL, however, the Court is ordering that FFL's counsel file on the docket, within seven days of this Order, the name and address of an FFL agent so that Plaintiff can properly serve FFL. The Court therefore denies as moot Plaintiff's Discovery Motion.

**IV.    CONCLUSION**

Accordingly,

8

IT IS ORDERED that FFL's Motion to Set Aside Clerk's Entry of Default [ECF No. 59] is **GRANTED**.

IT IS FURTHER ORDERED that the Clerk of the Court shall **VACATE** the Clerk's Entry of Default [ECF No. 50].

IT IS FURTHER ORDERED that, within seven (7) days of the date of this Order, FFL's counsel shall file with the Court the name and address of an agent of FFL upon whom Plaintiff can properly serve FFL.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Conduct Expedited Discovery [ECF No. 80] is **DENIED AS MOOT**.

IT IS ORDERED.

DATED: February 8, 2023

s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE