# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**MARK W. DOBRONSKI**,

      Plaintiff,

v.

**FAMILY FIRST LIFE, LLC**, *et al.*

      Defendants.

Case No.  **2:22-cv-12039-DPH-JJCG**

Honorable Denise Page Hood
United States District Judge

Honorable Jonathan J.C. Grey
United States Magistrate Judge

_____

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT FAMILY FIRST LIFE, LLC'S MOTION TO DISMISS, STAY, OR TRANSFER PURSUANT TO THE FIRST-TO-FILE RULE

Plaintiff MARK W. DOBRONSKI, appearing *in propria persona*, hereby responds in opposition to Defendant Family First Life, LLC's Motion to Dismiss, Stay, or Transfer Pursuant to the First-to-File-Rule [ECF No. 108], and respectfully states:

1. Plaintiff's response is timely, as Defendant FFL knowingly submitted a false certificate of service to the Court.

2. Defendant FFL failed to comply with the mandatory "meet and confer" requirement of E.D. Mich. LR 7.1(a).

3. Defendant FFL has attempted to violate the page limit requirement set forth at E.D. Mich. LR 7.1(d), and has not sought leave for same.

4.  The "first to file" rule is not applicable here as the parties/matters in this case are not "substantially similar" to the case being referred to by FFL in the Southern District of Florida.

5.  Transferring or staying this case would serve no purpose – other than delay – as the case in the Southern District of Florida is at end.

WHEREFORE, for the reasons set forth herein and in the appurtenant brief, Plaintiff respectfully urges that the Court should either strike or deny Defendant FFL's motion.

Respectfully submitted,

Date: March 30, 2023

_____

Mark W. Dobronski
Post Office Box 85547
Westland, Michigan 48185-0547
Telephone: (734) 330-9671
markdobronski@yahoo.com
Plaintiff *In Propria Persona*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MARK W. DOBRONSKI**,                    Case No.  **2:22-cv-12039-DPH-JJCG**

                    Plaintiff,              Honorable Denise Page Hood
                                            United States District Judge

v.

                                            Honorable Jonathan J.C. Grey
**FAMILY FIRST LIFE, LLC**, *et al.*         United States Magistrate Judge

                    Defendants.
_____

## PLAINTIFF'S BRIEF IN OPPOSITION TO
## DEFENDANT FAMILY FIRST LIFE, LLC'S MOTION
## TO DISMISS, STAY, OR TRANSFER PURSUANT
## <u>TO THE FIRST-TO-FILE RULE</u>

## ISSUES PRESENTED

1. Should Defendant and/or its counsel be sanctioned for willfully filing a Certificate of Service containing a false certificate as to service of the motion?

        Plaintiff says:        YES.

2. Should Defendant's motion be stricken or denied as a result of Defendant's failure to comply with the mandatory "meet and confer" requirements of E.D. Mich. LR 7.1(a)?

        Plaintiff says:        YES.

3. Should Defendant's motion be stricken or denied as a result of Defendant's failure to comply with the page limits requirements of E.D. Mich. LR 7.1(d)?

        Plaintiff says:        YES.

4. Does the first-to-file rule apply here where the parties and matters are not substantially similar?

        Plaintiff says:        NO.

5. Should this court dismiss or stay this case pending the outcome of the Florida Action where the Florida Action is at end?

        Plaintiff says:        NO.

## MOST RELEVANT AUTHORITIES

*AmSouth v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004)

*Fraley v. General Motors, LLC*, 2019 WL 1399955, at *3 (E.D.Mich., 2019)

*Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F3d 488, 493 (6th Cir. 2016)

*Runfola & Assocs. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 375 (6th Cir. 1996)

*U.S. v. Ramesh*, 2009 WL 817549, at *6 (E.D.Mich.,2009)

*Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 F. App'x 433, 437 (6th Cir. 2001)

E.D. Mich. LR 7.1(a)

E.D. Mich. LR 7.1(d)

Mich. R. Prof. Conduct 3.7

I.     **PRELIMINARY PROCEDURAL MATTERS**

Before delving into a response to Defendant Family First Life LLC's motion, there are three preliminary procedural matters which need to be brought to the Court's attention.

A.     **False certificate of service**

On March 10, 2023, Defendant Family First Life LLC ("FFL") filed Defendant Family First Life, LLC's Motion to Dismiss, Stay, or Transfer Pursuant to the First-to-File-Rule [ECF No. 108].  As part of the filing, FFL's attorney, Marisa Maleck, signed a Certificate of Service certifying that on March 10, 2023, a true and correct copy of the document was served upon Plaintiff Mark W. Dobronoski (*sic*) via United States Mail. [ECF No. 108, PageID.1402-1404]. In fact, the certification made by FFL's attorney, Marisa Maleck, was <u>false</u>, as FFL did not serve a copy of their motion via mail upon Plaintiff on March 10, 2023.

Attached hereto, at EXHIBIT A, is the Affidavit of Mark W. Dobronski setting forth the following significant facts:

- Dobronski was vacation with his family from March 8, 2023 through March 18, 2023. [Exhibit A, ¶ 3].

- Upon returning from the vacation, Dobronski reviewed the Court's online docketing system and noted that, on March 10, 2023, several motions had been filed by various defendants in this matter, including two motions by Defendant FFL. [Exhibit A, ¶ 4].

- On March 20, 2023, Dobronski retrieved the accumulated mail from his post office box, found copies of the motions filed by the other defendants, but did not find copies of the two motions that had been filed by FFL on March 10, 2023. [Exhibit A, ¶ 5].

- Dobronski reached out to FFL's attorney, Marisa Maleck, by telephone to inform her that he had not received service of the two motions. Maleck was very hostile. [Exhibit A, ¶ 7].

- Maleck responded by email that she had sent the motions to Dobronski via United Parcel Service ("UPS") and had proof that the package was delivered to Dobronski on March 13, 2023. Maleck attached a UPS tracking log to the email. [Exhibit A, ¶ 8].

- Dobronski informed Maleck that UPS does not deliver to Post Office boxes. [Exhibit A, ¶ 9].

- Maleck then changed her story to be that the package containing the filings was sent via United States Postal Service ("USPS") on March 13, 2023, and threatened Dobronski for "abuse of the judicial process." [Exhibit A, ¶ 10].

- Maleck then agreed to send copies of the filings via USPS Priority Express Mail. [Exhibit A, ¶ 12].

- On March 23, 2023, Dobronski received the filings via USPS Priority Express Mail. [Exhibit A, ¶ 13].

- On March 24, 2023, Dobronski received the filings at his post office box via USPS. The package had a postage meter indicia showing a date of March 13, 2023. The package weighed 5-1/2 pounds. [Exhibit A, ¶ 14].

- According to the USPS web site, 5-1/2 pound package from Atlanta, Georgia to Westland, Michigan will take 2-5

days to be delivered. [Exhibit A, ¶ 15].

Given the above facts, it is clear that the subject package was not mailed to Dobronski on March 10, 2023, as FFL's attorney, Marisa Maleck, certified.  The certificate is belied by: (1) the postage meter indicia on the package showing a date of March 13, 2023; and, (2) Marisa Maleck's own statements that the package was mailed: first via United Parcel Service and delivered on March 13, 2023, then recanted and changed to be mailed via United States Postal Service on March 13, 2023.

The fact finder can also reasonably come to the conclusion that it is more likely than not that the package was not mailed on March 13, 2023, but instead was mailed somewhere between March 19, 2023 and March 22, 2023 with the postage meter indicia being deliberately backdated to show March 13, 2023.

In any event, one fact is unquestionably clear.  FFL's attorney, Marisa Maleck, made a false representation to this Court when she signed the Certificate of Mailing certifying that a copy of the motion was mailed to Dobronski on March 10, 2023. This was no accident.  The Court cannot merely overlook this misconduct, but must impose an appropriate sanction to make it clear that such misconduct will not be tolerated.

"Even if there are sanctions available under statutes or specific federal rules of procedure, ...the 'inherent authority' of the court is an independent basis for

sanctioning bad faith conduct in litigation." *Dell, Inc. v. Elles*, No. 07-2082, 2008 WL 4613978, at *2 (6th Cir. June 10, 2008) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49-50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)); see also *Runfola & Assocs. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 375 (6th Cir. 1996) ("In addition to Rule 11 and 28 U.S.C. § 1927, a district court may award sanctions pursuant to its inherent powers when bad faith occurs.").

Plaintiff submits that an appropriate sanction should be to strike Defendant FFL's motions which were subject to false certificates of service being filed with the Court.

### B.     Failure to Comply with E.D. Mich. LR 7.1(a)

Defendant FFL's motion fails to include any certification as to compliance with E.D. Mich. LR 7.1(a).  Rule 7.1(a) promulgates that, before filing a motion:

> "[T]he movant must confer with the other parties and other persons entitled to be heard on the motion in good faith and in a manner that reasonably explains the basis for the motion and allows for an interactive process aimed at reaching agreement on the matter or those aspects of the matter that can be resolved without court intervention... If concurrence is not obtained, the motion or request must state... there was a conference between attorneys or unrepresented parties and other persons entitled to be heard on the motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought...." [E.D. Mich. LR 7.1(a)].

4

The commentary to LR 7.1 goes on to state:

> "LR 7.1(a) requires that a moving party conduct a meaningful and timely conference with other parties to explain the nature of the relief sought and the grounds for the motion, to seek concurrence, and to narrow the issues. The Court's strong preference is for conferences held in a manner that facilitates discussion and debate, such as in person, by video or by telephone. Sometimes, email exchanges may suffice if the motion is rudimentary and uncomplicated, or to document conversations. **But sending an email without engaging the other parties will not satisfy this rule.**" [Emphasis added.]

In this instance, Defendant FFL's attorney, Marisa Maleck, sent an email to Plaintiff on March 9, 2023 at 10:18 P.M.  The email is attached hereto at EXHIBIT B.  Defendant FFL filed its two motions on the morning of March 10, 2023.  By the time that Plaintiff had an opportunity to receive and read the March 9 email, the motions had been filed.  No attempt was made by Defendant FFL to telephone Plaintiff regarding the motions.[1]

Clearly, Defendant FFL's counsel failed to comply with the mandatory requirements of LR 7.1(a).  FFL made no attempt to contact Dobronski and engage in discussion and debate regarding the impending motions. An email sent late in the

---

[1] Anticipating that FFL will reply that telephoning Dobronski would have been futile because Dobronski was on vacation; Dobronski's contact telephone number listed in the pleadings is his cellular telephone, which is on and with him on an around-the-clock basis.

evening, and then filing the motions the next morning, simply do not fulfill the mandatory "meet and confer" requirements of E.D. Mich. LR 7.1(a).

It is not up to the Court to expend its energies when the parties have not sufficiently expended their own. *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 101 (D. Mass. 1996). Seeking concurrence from the opponent is a mandatory directive of the Local Rules of this District; inasmuch as defendant has failed to comply with this Local Rule prior to filing this motion, the Court must deny the relief that defendant seeks to obtain. *U.S. v. Ramesh*, 2009 WL 817549, at *6 (E.D.Mich.,2009). The Local Rules, as well as the Federal Rules of Civil Procedure, are called "rules," not "suggestions" or "guidelines," and as Justice (then Judge) Charles Levin stated in *People v. Farrar*, 36 Mich.App. 294, 299 193 N.W.2d 363, 366 (1971), "Unless we enforce the rules we encourage their violation...." *Bryce v. Commissioner of Social Security*, 2013 WL 12123666, at *1 (E.D.Mich., 2013).

For these reasons alone, the Court should strike Defendants' motion.

### C.    Failure to Comply with E.D. Mich. LR 7.1(d)(3)(A)

E.D. Mich. LR 7.1(d)(3)(A) is clear:

> "The text of a brief supporting a motion or response, including footnotes and signatures, may not exceed 25 pages.  A person seeking to file a longer brief may apply ex parte in writing setting forth the reasons."

6

Defendant FFL has simultaneously filed two motions:

- Defendant Family First Life, LLC's Motion to Dismiss Plaintiff's Amended Complaint Under FRCP 12(b)(1), 12(b)(6) and 8(a)(2), or in the Alternative, Motion for a More Definite Statement Under FRCP 12(e), and Brief in Support [ECF No. 107]; and,

- Defendant Family First Life, LLC's Motion to Dismiss, Stay, or Transfer Pursuant to the First-to-File Rule [ECF No. 108].

The former contains a brief consisting of 25 pages and over 150 pages of exhibits.

The latter contains a brief consisting of 14 pages and over 160 pages of exhibits.

Instead of filing one motion and seeking leave of court to exceed the pages limits set under Rule 7.1(d)(3)(A), FFL has simply broken its motion to dismiss into two motions to dismiss. The Court should not reward this abuse of the rules.

The commentary to Rule 7.1 includes the following admonition:

"Attempts to circumvent the LR in any way may be considered an abusive practice which may result in the motion or response being stricken as well as sanctions being imposed under LR 11.1."

The Court is justified, and should, order that FFL's motion be stricken. See *Fraley v. General Motors, LLC*, 2019 WL 1399955, at *3 (E.D.Mich., 2019) (striking motion for failing to obtain leave to exceed the page limits specified in Local Rule 7.1(d)(3)(A)).

7

## II.    The Motion

### A.    Introduction

By the motion at bar, Defendant FFL now moves this Court to either outright dismiss this lawsuit or, in the alternative and pursuant to the "first-to-file" rule, transfer this case to the Southern District of Florida or stay the case until the another action in the Southern District of Florida – *Family First Life, LLC v. Rutstein, et al.*, No. 9:22-cv-80243 (S.D. Fla. Filed Feb. 15, 2022) ("Florida Action").

Curiously, to support FFL's motion, FFL incorporates the Declaration of Marisa Maleck [ECF No. 108-1, PageID.1405-1411] to provide testimony to support facts.  Maleck, who is also FFL's attorney that signed the motion [ECF No. 108, PageID.1400] has taken the unusual tact of making herself a witness in this case. Maleck has combined herself into two roles: advocate and witness.   Combining the roles of advocate and witness can prejudice the opposing party and can involve a conflict of interest between the lawyer and client. Mich. R. Prof. Conduct 3.7. Plaintiff certainly objects to Maleck's dual role.  The Court should disqualify Maleck from appearing before this Court as FFL's attorney.

The Florida Action was filed by FFL one year ago against a David Rutstein and his business entity seeking injunction relief from "their campaign of unlawful and unfair competition, tortious interference, harassment, and disparagement against FFL

and its independent insurance agents." [ECF No. 108-3, PageID.1414].

The instant case in this district was filed by Dobronski in August 2022 against FFL and several of its agents and insurance providers for violations of the Telephone Consumer Protection Act and related state statutes relative to illegal telemarketing calls.

The Florida Action has no relation to the instant case in this district. The only common element between the Florida Action and the instant case is that FFL is the plaintiff in the Florida Action, and FFL is one of several defendants in the instant case.

FFL attempts to tie Dobronski into the Florida Action by arguing that David Rutstein – is "[Dobronski's] associate" [ECF No. 108, PageID.1388] or that Dobronski must somehow be affiliated with Rutstein. There is no truth to those claims and FFL knows so. Indeed, in October 2022, FFL's attorney, Maleck, wrote to Dobronski urging Dobronski to "disassociate" himself from Rutstein. Dobronski responded to Maleck clearly informing her "I do not have, nor have I ever had, any association with David Rutstein and/or NAAIP." See letter from Dobronski to Maleck dated October 31, 2022 attached hereto at EXHIBIT C.

**B.    Argument**

The first-to-file rule "provides that when actions involving nearly identical

9

parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.' " *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 F. App'x 433, 437 (6th Cir. 2001) (citing *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984)). The rule is not mandatory and district courts have the discretion to abandon it where equity so demands. *Id.* Factors that weigh against enforcement of the first-to-file rule are (1) extraordinary circumstances, (2) inequitable conduct, (3) bad faith, (4) anticipatory suits, and (5) forum shopping. *Id.* at 437.

### 1.   The Parties/Matters are not substantially similar

As has been discussed, *supra*, other than FFL is the Plaintiff in the Florida Action and is one of several defendants in the instant case, there is no similarity. Rutstein, in the Florida Action, is being accused by FFL of being a competitor to and misappropriating business from FFL.  In the instant case, FFL and its agents and insurance providers are accused of initiating illegal telemarketing calls to Dobronski. Neither the parties nor the issues in the two lawsuits are similar.

FFL curiously argues that because FFL issued a non-party subpoena upon Dobronski in the Florida Action, and Dobronski filed objections to same, this somehow makes Dobronski a party to the Florida Action. [ECF No. 108, PageID.1392].   FFL misrepresents to the Court that Dobronski "added himself as a

'nonparty' respondent to the docket" in the Florida Action. *Id.* This is not true. Dobronski – a nonparty – merely objected to the nonparty subpoena which FFL had served upon Dobronski by filing the objections with the Court as he was required to do. This does not make Dobronski a party to the Florida Action. Now it becomes readily apparent that FFL issued the nonparty subpoena upon Dobronski in the Florida Action merely as a "tactical weapon" to allow FFL to do some forum shopping. Generally, courts take a dim view of forum shopping. *AmSouth v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004).

In the instant case, the alleged illegal telemarketing calls were received in Michigan; venue is appropriate in Michigan. Courts in TCPA cases have consistently found venue to be proper where the call was received. See *Schlesinger v. Collins*, No. 19-CV-03483-EMC, 2019 WL 4674396, at *3 (N.D. Cal. Sept. 25, 2019); *Schick v. Resolute Bank*, No. CV-19-02218-PHC-DLR, 2019 WL 8014435, at *1 (D. Ariz. Nov. 13 2019); *Sapan v. Dynamic Network Factory, Inc.*, No. 13-CV-1966-MMA (WVG), 2013 WL 12094829, at *3 (S.D. Cal. Nov. 25, 2013). When a domestic plaintiff initiates a suit in his home forum, that choice is normally entitled great deference because it is presumptively convenient for the plaintiff. *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F3d 488, 493 (6th Cir. 2016).

### 2.    The Florida Action is at end

FFL conveniently fails to inform this Court that the Florida Action is at end. The Florida Action court has found Rutstein to be in default and has ordered FFL to file a motion for default judgment against Rutstein so that the Court can bring closure to that case. [ECF No. 108-15, PageID.1571, Docket Entry No. 179].  Accordingly, transferring or staying this case would accomplish nothing except cause delay.

## III.   CONCLUSION

For all of the foregoing reasons, the Court should either strike or deny Defendant FFL's motion.

Respectfully submitted,

Date: March 30, 2023

_____
Mark W. Dobronski
Post Office Box 85547
Westland, Michigan 48185-0547
Telephone: (734) 330-9671
markdobronski@yahoo.com
Plaintiff *In Propria Persona*

## <u>CERTIFICATE OF SERVICE</u>

I, Mark W. Dobronski, certify that on **March 30, 2023**, I caused a copy of the foregoing *Plaintiff's Response in Opposition to Defendant Family First Life, LLC's Motion to Dismiss, Stay, or Transfer Pursuant to the First-to-File-Rule* to be served upon all parties of record by sending same in a sealed envelope, with first-class postage fully prepaid thereupon, and deposited in the United States Mail, addressed as follows:

D. Peter Valiotis, Esq.
Clark Hill
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3435

John T. Mihelick, Esq.
Dinsmore & Shohl, LLP
900 Wilshire Drive, Suite 300
Troy, Michigan 48084-1600

Jennifer W. Weller, Esq.
Hinshaw & Culbertson, LLP
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606-1915

Matthew J. Lund, Esq.
Troutman Pepper Hamilton Sanders LLP
4000 Town Center, Suite 1800
Southfield, Michigan 48075-1505

Alvin Lee, Esq.
King & Spalding, LLP
1185 Avenue of the Americas, 34th Floor
New York, New York 10036-2603

Lewis Jan Friedman
921 Ormsby Street
Vista, California 92084-1436

_____
Mark W. Dobronski

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MARK W. DOBRONSKI,**

Plaintiff,

v.

**FAMILY FIRST LIFE, LLC,** *et al.,*

Defendants.

Case No. **2:22-cv-12039-DPH-JJCG**

Hon. Denise Page Hood
United States District Judge

## AFFIDAVIT OF MARK W. DOBRONSKI

MARK W. DOBRONSKI, being first duly sworn, does depose and state as follows:

1. I am the plaintiff in the above-captioned matter.

2. I am familiar with the facts set forth herein and if called as a witness can testify competently to same.

3. I was vacationing with my family from March 8, 2023 through March 18, 2023.

4. Upon return from my vacation, I reviewed the Court's online docketing system and noted that, on March 10, 2023, several motions had been filed by various defendants in this matter, including two motions by Defendant Family First Life, LLC ("FFL").

5. On the morning of Monday, March 20, 2023, I retrieved the mail that had accumulated at my post office box during my vacation. Although I found copies of the motions served filed on March 10, 2023 by the other defendants in this matter, I did not find copies of the two motions that had been filed by FFL on March 10, 2023, specifically:

- Defendant Family First Life, LLC's Motion to Dismiss Plaintiff's Amended Complaint Under FRCP 12(b)(1), 12(b)(6), and 8(a)(2), or in the Alternative, Motion for More Definite Statement Under FRCP 12(e), and Brief in Support [ECF No. 107]; and,

- Defendant Family First Life, LLC's Motion to Dismiss, Stay, or Transfer Pursuant to the First-to-File Rule [ECF No. 108].

6. On March 20, 2023, I telephoned FFL's attorney, Marisa Maleck, and left a message asking her to call me back.

7. Shortly thereafter, on March 20, 2023, Maleck did call me back and I explained to her that I had not received service of either of the two motions that FFL had filed on March 10, 2023. Maleck was quite hostile and combative. Maleck stated that she would look into the matter and follow up with me.

8. On March 20, 2023, at approximately 3:56 P.M., Maleck sent me an email stating:

> "Our records indicate that the package was sent to you on Monday, March 13. So you have proof now that you received it and I sent you an email copy as a gratuity. We could agree to a one-week long extension but no longer."

Also attached to the email was a United Parcel Service ("UPS") tracking report showing that a package (UPS package # 1Z 329 658 22 1007 6906) was delivered at Detroit, Michigan on March 13 at 10:00 A.M. See email thread attached here as EXHIBIT 1.

9. On March 20, 2023, at approximately 6:28 P.M., I wrote back to Maleck informing her that "United Parcel Service does not deliver to Post Office Boxes"; that the electronic document she had emailed to me could not be opened on my computer; that I was entitled

to a hard copy of all filings; and – most importantly – I still have not received the documents. See EXHIBIT 1.

10. On March 20, 2023, at approximately 9:40 P.M., Maleck replied to me stating that "we sent the package containing the filings and all the related papers via USPS on Monday, March 13, 2023..." and threatening me for "abuse of the judicial process." See EXHIBIT 1.

11. On March 20, 2023, at approximately 9:50 P.M., I again wrote to Maleck and expressed my being "perplexed" by the fact that, at one point, Maleck claims to have served me via UPS, and at another point, Maleck claims to have served me via United States Postal Service ("USPS") mail. I requested that Maleck send me the two motions via USPS Express Mail. See EXHIBIT 1.

12. On March 21, 2023, at approximately 10:46 A.M., Maleck wrote me a very terse email stating the "[u]nder Rule 5(b)(2)(c) of the Federal Rules of Civil Procedure, service of our motions was complete upon mailing – failure to receive does not affect the validity of proper mail service...." Maleck did agree to copies of the filings via USPS Priority Express Mail "as a gratuity," adding a threat that she "will continue to account for my attorneys' fees in addressing these issues, as part of our sanctions motion." See EXHIBIT 1.

13. On March 23, 2023, at approximately 1:00 P.M., I received delivery of the USPS Prior Express Mail item which Maleck agreed to send on March 21, 2023. The USPS tracking number was EF160577898US.

14. On March 24, 2023, I received, at my post office box, via USPS, a package from King & Spalding LLP, Atlanta, Georgia, containing copies of the two filed motions. The

package had a postage meter indicia showing a date of March13, 2023.  See EXHIBIT 2.

The package weighed 5-1/2 pounds.

15.  According to the United States Postal Service web site, a 5-1/2 pound package

from Atlanta, Georgia to Westland, Michigan will take 2-5 days to be delivered.  Thus, I

reasonably believe that the package received at my post office box was actually mailed

between March 19-22, 2023.

Further, deponent sayeth naught.


_____
Mark W. Dobronski


Subscribed and sworn before me
this **30th** day of March, 2023.


Kellie L Labadie
Notary Public of Michigan
Washtenaw County
Expires 12/01/2025
Acting in the County of _____

# EXHIBIT 1

## Re: 28083-197002 [Dobronski]

From:  Marisa Maleck (mmaleck@kslaw.com)

To:    markdobronski@yahoo.com

Cc:    aadovasio@kslaw.com

Date:  Tuesday, March 21, 2023 at 10:46 AM EDT

Mark,

Under Rule 5(b)(2)(c) of the Federal Rules of Civil Procedure, service of our motions was complete upon mailing—failure to receive does not affect the validity of proper mail service. Sutton v. United States, No. 90–3314, 1991 WL 590 (6th Cir. 1991) (stating the same). The tracking info I sent you was what we sent the judge for our courtesy copy to her, per the local rules.  Standard USPS mailing does not provide a tracking number so we do not have a number to provide you.

Send us a residential address and we will send the package with the filings via USPS Priority Express Mail as a gratuity.  In addition, my colleague Amy will send you the PDFs outside of a zip file, which I already sent you.  Again, this is a gratuity and not required by the rules.

I will continue to account for my attorneys' fees in addressing these issues, as part of our sanctions motion.

Best,

Marisa

**From:** Mark Dobronski <markdobronski@yahoo.com>
**Sent:** Monday, March 20, 2023 9:50:53 PM
**To:** Marisa Maleck <MMaleck@KSLAW.com>
**Subject:** Re: 28083-197002 [Dobronski]

| **CAUTION:** **MAIL FROM OUTSIDE THE FIRM** |
| --- |

Ms. Maleck:

Frankly, I am perplexed by our "discussions" today.  First, you tell me that you sent your motions to me via United Parcel Service (UPS) and provided me detailed UPS tracking information as "proof" that you served me. After I point out to you that FRCP Rule 5 requires service by mailing and does not allow for service by UPS and that UPS does not deliver to Post Office Boxes, you now tell me that you served me via United States Postal Service (USPS).  Can you supply me a tracking number?

I reached out to you this morning because I have NOT been served with your motions, be it via UPS or USPS.  That fact has not changed.  The documents you sent via email this afternoon are in a format that I was unable to open; my attempts were met with messages stating "unrecognized format" and "file corrupted". Typically, documents are sent in Portable Document File (PDF) format, which your files sent were not.  But even so, under the Local Rules, I am to be served via hard copy.

Perhaps you could have your "team" send me copies of the two motions via USPS Express Mail so that I may receive same.  If you are willing to do so, I will provide my residence address so that USPS may deliver to my front door.  I certainly do not want to have to wait more weeks to receive what you claim you sent me on March 13.

Yes, you have told me that: (1) your client does not make calls; and, (2) your client does not sell leads.  Whether you have told me once, twice, four times, five times, or even 1000 times, does not change the fact that I have documentary evidence that clearly says differently.  Apparently you espouse the belief that because you have said "t'aint so", somehow your position is incontrovertible fact, and your proclamation nullifies any evidence that I have.  I have done a reasonable investigation, and I have evidentiary support for the allegations set forth in my complaint.  As you well know, reviewing the evidence and evaluating the case is an ongoing process as testimony and other evidence is received.

Your cooperation would be appreciated.

MWD

On Monday, March 20, 2023 at 09:40:15 PM EDT, Marisa Maleck <mmaleck@kslaw.com> wrote:

Mark,

After corresponding with my team, I can confirm that we sent the package containing the filings and all the related papers via USPS on Monday, March 13, 2023, which is standard practice and the same way we effectuated service in our prior filings.

There is absolutely no rule that requires us to do anything differently. If you did not receive the package, then it must be imminently awaiting delivery, or USPS has made an error. Regardless, there is no issue you could possibly complain about because I have sent you the package via email. Let me know if you had issues with it.

Again, your positions remain a clear abuse of the judicial process. You are now on quadruple plus notice that my client does not make calls nor does it sell leads.  If you nevertheless continue pursue this case, you do so at your own peril. I will be moving for the whole of my attorney's fees in this case as well as my teams'.

Best,

Marisa

Marisa Maleck

**From:** Mark Dobronski <markdobronski@yahoo.com>
**Sent:** Monday, March 20, 2023 6:28 PM
**To:** Marisa Maleck <MMaleck@KSLAW.com>
**Subject:** Re: 28083-197002 [Dobronski]

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Ms. Malek:


Well, obviously Friedman is not me and would not constitute service upon me.  Friedman is one of the other co-defendants.


United Parcel Service does NOT deliver to Post Office Boxes.  So, that would explain why I have not received what you sent via United Parcel Service.


I cannot open the documents which you sent this afternoon ago via email as they are in an odd format.  Per the Local Rules of the Eastern District of Michigan, electronic documents must be in the Portable Document File (PDF) format (See E.D. Mich. Electronic Filing Procedures, Rule 5(c)); the documents which you sent are not.  Further, I have not consented to email service, nor service via United Parcel Service.  See Fed. R. Civ. P. 5(b)(2)(F).


Further, the Local Rules provide that, since I am pro se, I am entitled to hard copies of all filings.  See E.D. Mich. Electronic Filing Procedures, Rule 9(e).  Fed. R. Civ. P. 5(b)(2)(C) specifies that documents shall be MAILED.  I do not believe that United Parcel Service constitutes "mail".  But, that point is moot given the fact that United Parcel Service does not deliver to Post Office Boxes and I have not received the documents.


I recall, not too long ago, you were demanding "proper service" upon Family First Life.  What do you suggest we can do to resolve this present problem?


MWD

On Monday, March 20, 2023 at 04:04:38 PM EDT, Marisa Maleck <mmaleck@kslaw.com> wrote:

We sent it to two addresses:

Mark W. Dobronski

P.O. Box 85547

Westland, MI 48185-0547

Lewis Jan Friedman

921 Ormsby St

Vista, CA 92084

---

**From:** Mark Dobronski <markdobronski@yahoo.com>
**Sent:** Monday, March 20, 2023 4:03 PM
**To:** Marisa Maleck <MMaleck@KSLAW.com>
**Subject:** Re: 28083-197002 [Dobronski]

| **CAUTION:** MAIL FROM OUTSIDE THE FIRM |
|---|

Ms. Malek:

Would you kindly tell me the ADDRESS to which said package was allegedly delivered to by United Parcel Service?

Thank you.

Mark Dobronski

On Monday, March 20, 2023 at 03:56:21 PM EDT, Marisa Maleck <mmaleck@kslaw.com> wrote:

Mark,

Our records indicate that the package was sent to you on Monday March 13. So you have proof now that you received it and I sent you an email copy as a gratuity.  We could agree to a one-week long extension but no longer.

Best,

Marisa



___

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.

# EXHIBIT 2



US POSTAGE ᴾᴵᵀᴺᴱᵞ ᴮᴼᵂᴱˢ
$ 014.85⁰
ZIP 30309
02 4W
0000381358MAR 13 2023

KING & SPALDING

King & Spalding LLP
1180 PEACHTREE STREET, NE
ATLANTA, GEORGIA 30309-3521

Mark W. Dobronoski
P.O. Box 85547
Westland, MI 48185-0547

# EXHIBIT B

## MTD/First to File Motion

From:  Marisa Maleck (mmaleck@kslaw.com)

To:  markdobronski@yahoo.com

Date:  Thursday, March 9, 2023 at 10:18 PM EST

Mark,

We are filing a motion to dismiss your action against FFL tomorrow or in the alternative to stay or transfer it in light of FFL's action against Rutstein.

We will be filing a motion for sanctions asking the court to preclude you from ever filing this type of frivolous action ever again and the whole of our attorneys' fees including all the time I spent explaining to you that this case lacks factual and legal merit. Per the rules we'll be sending that one to you sometime next week before we file.

Let me know if you're willing to voluntary dismiss so we can avoid the paperwork.  Based on your letter to me, it didn't sound like you were interested. Let me know if you've changed your tune.

Best,
Marisa


Partner

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.

## MTD/First to File Motion

---

From:   Marisa Maleck (mmaleck@kslaw.com)

To:     markdobronski@yahoo.com

Date:   Thursday, March 9, 2023 at 10:18 PM EST

---

Mark,

We are filing a motion to dismiss your action against FFL tomorrow or in the alternative to stay or transfer it in light of FFL's action against Rutstein.

We will be filing a motion for sanctions asking the court to preclude you from ever filing this type of frivolous action ever again and the whole of our attorneys' fees including all the time I spent explaining to you that this case lacks factual and legal merit. Per the rules we'll be sending that one to you sometime next week before we file.

Let me know if you're willing to voluntary dismiss so we can avoid the paperwork.  Based on your letter to me, it didn't sound like you were interested. Let me know if you've changed your tune.

Best,
Marisa


Partner

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.



# EXHIBIT C

### MARK W. DOBRONSKI
**POST OFFICE BOX 85547**
**WESTLAND, MICHIGAN 48185-0547**
**(734) 330-9671**

October 31, 2022

Marisa C. Maleck, Esq.
King & Spalding LLP
1700 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20006-4730

Re:   David Rutstein and the National Association of
Accredited Insurance Professionals (NAAIP); Lawsuit
against Family First Life

Dear Ms. Maleck:

I have received your email sent on October 20, 2022 wherein you: advise that you represent Family First Life, LLC ("FFL"); discuss a "harassment campaign" by David Rutstein and NAAIP, aver that Rutstein has engaged in "weaponizing" a lawsuit which was filed against FFL [*Dobronski v. FFL, et al.*, No. 2:22-cv-12039 (E.D. Mich.)]; and further state that "[a]fter providing some background below [you] write to explain why [I] should (1) disassociate [myself] from Mr. Rutstein; and (2) ... [I] should voluntarily dismiss [my] lawsuit against FFL or risk facing serious sanctions."

I will also note that, nowhere in your email do you provide your address or telephone number so that I might contact you. Heretofore, I have never had an attorney write to me initially that did not provide their address, telephone number and other contact information on firm letterhead.

As to your request that I disassociate myself from Mr. Rutstein, your request assumes (wrongfully, I might add) that I have an association with Mr. Rutstein. I do not have, nor have I ever had, any association with David Rutstein and/or NAAIP. I first learned of Mr. Rutstein (who identified himself to me as David Gordon) and NAAIP on September 28, 2022 when I received an unsolicited telephone call from him.

Shortly after that initial telephone call, Mr. Rutstein sent me a link to a Youtube video which he had produced wherein he was discussing my lawsuit against FFL. Upon viewing the video, I found some of the statements being made by Mr. Rutstein in the video to be quite

Marisa C. Maleck, Esq.
King & Spalding LLP
October 31, 2022
Page 2 _____/

disturbing. Immediately thereafter, on October 10, 2022, I sent a cease and desist letter to Mr.
Rutstein clearly informing him that he is not an attorney, he does not represent me, he cannot
represent me, he is not authorized to represent me, and that I have never requested or
authorized him to make any representations on my behalf to any third parties. However, now
having had the opportunity to review several of the videos which Mr. Rutstein has published
on the Internet, I have been enlightened regarding FFL.

Any "harassment" which FFL may be receiving from Mr. Rutstein is not my doing,
is not within my control, and is totally unrelated to my lawsuit against FFL. My lawsuit
against FFL is a matter of public record, as all court dockets are, and I am unable to prevent
Mr. Rutstein from his accessing and publishing that which appears on the court's public
record. I do not appreciate the unauthorized and unwelcome "meddling" which Mr. Rutstein
apparently engaged in relative to my case pending in the Eastern District of Michigan. Given
that Mr. Rutstein apparently lives in Israel, he is realistically beyond the influence of US laws
and court orders (just as many of FFL's third party telemarketing organizations are).
Accordingly, I view any attempts that I might make to stop Mr. Rutstein to be an exercise in
futility. From your email, it would appear that FFL's experiences with Mr. Rutstein have
been similarly futile.

As to your suggestion that I should voluntarily dismiss my pending lawsuit against
FFL, you provide me with no explanation as to why I should do so, other than conclusions
you have drawn based on partial information pertaining to unrelated cases. I am prepared
to prosecute the merits of the claims against FFL and look forward to meeting you and/or
your associates in court.

Very truly yours,

Mark W. Dobronski

MWD/hp