# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| MARK DOBRONSKI, | Case No. 2:22-cv-12039-JJCG |
| Plaintiff, | Hon. Denise Page Hood |
| v. | Magistrate Judge Jonathan J.C. Grey |
| FAMILY FIRST LIFE, LLC, et al., | |
| Defendant. | |

**DEFENDANTS KHONSAVAN VONGDARA, SHANNON ADAMS, DONTE GRANT, VANESSA ISABEL POWELL, DARIO JOSEPH WICKHAM, EMMANUEL CHIBUZOR IGWEH AND VANINA E. BONANNO'S <u>REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS</u>**

148349195v1

## I. Plaintiff Does Not Have Standing.

Plaintiff does not set forth factual allegations demonstrating that he suffered any actual injury in fact that is particularized and affected him in a personal way. *See Smith v. Aitima Med. Equip., Inc.*, No. ED 16 CV 339 ABD-TBX, 2016 WL 4618780, at *4 (C.D. Cal. July 29, 2016) (Plaintiff's allegation that she suffered a nuisance, resulting from one call, was too *de minimis* to confer standing). Moreover, any alleged injury would not be traceable to the actions of Defendants, as Plaintiff has not alleged that Defendants personally initiated any of the calls. Furthermore, Plaintiff alleges that the only time that he spoke with Defendant Igweh was during a series of "confrontation calls," which were initiated by Plaintiff. Finally, given that Plaintiff engaged in a campaign to bait whoever he spoke to in order to invite further calls, Plaintiff's interests are not within the zone of interests to be protected under the TCPA. *See Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d. 782 (W.D. Penn. 2016) (Plaintiff's interests, which include purchasing phones with hope of receiving calls from creditors for purpose of collecting statutory damages, are not "among the sorts of interests [the TCPA was] specifically designed to protect."); *Leyse v. Bank of America N.A.*, No. 11-7128-SDW-SCM, 2020 WL 1227410 (D.N.J. Mar. 13, 2020) (finding the record suggested Plaintiff welcomed and consented to the call).

1

## II. Plaintiff Fails to Plead That Defendants Used An Automatic Telephone Dialing System.

Plaintiff conclusively states that a "delay from the time of answering before the calling party came onto the line" and the caller identification number being "spoofed" somehow rise to a reasonable inference that an ATDS was used. However, Plaintiff alleges that he received only single calls associated with Defendants Powell, Grant, and Wickham and no incoming calls with respect to Defendant Igweh. "One call and one pause…do not take the claim of the use of an ATDS beyond the speculative level"). *See Smith*, 2016 WL 4618780, at *6. Moreover, Plaintiff's own allegations cut against the inference that an ATDS was used, as Plaintiff states that calls 1, 2, 5, 6, 9, 10, 11, 12, 13, 20, 21, 22, 23, 25, 26, 27, and 28 were directly targeted to him or one of his aliases. *Id*. (finding allegations go against an inference that an ATDS was used because they suggest that the calls were directed at certain individuals and not randomly generated by an automated device); *see also Jovanovic v. SRP Invs. LLC*, No. CV-21-00393-PHX-JJT, 2021 WL 4198163, at *4 (D. Ariz. Sept. 15, 2021) (finding Plaintiff did not allege sufficient facts to allow the court to infer that Defendants used an ATDS as Plaintiff alleged he received personalized messages that included his first name).

148349195v1

### III. All Causes of Action Relating to Calls 5, 6, 8, 10, 14-19, 24-56 Must Be Dismissed as to Defendants.[1]

Plaintiff's attempt to link Defendants to each call by the caller identification numbers to support the proposition that Defendants acted in concert with overseas callers is speculative. Plaintiff asks the Court to attempt to connect the dots between the non-party defendants and Defendants using unreasonable inferences and assumptions. For example. Plaintiff attempts to link Defendant Adams to calls 17 and 53-56 based upon the caller identification numbers displayed on other calls. However, Plaintiff's allegation that Adams acted concert with the other named and unnamed parties is conclusory, as Plaintiff fails to allege Adams directed or aided the other parties in any way. Accordingly, Plaintiff has failed to provide fair notice of what his claims are or allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Wilson v. Michigan Dep't of Corr.*, No. 2:18-CV-10008, 2019 WL 3759424, at *2 (E.D. Mich. Aug. 9, 2019).

---

[1] While the title of Section III.C. of Defendants' opening brief inadvertently excludes Defendants Igweh and Bonanno, Defendants argue that the Amended Complaint contains no allegations to indicate that *any* of the Defendants initiated these calls, caused or directed these calls to be initiated, authorized the calls, or were in anyway connected to, or somehow involved with, the above-referenced calls. *See* ECF No. 106, page ID 1147. Through its substance, the brief made clear that it was directed at the claims against all the individual defendants, including Igweh and Bonnano.

3

### IV. Plaintiff Fails to Demonstrate that There Existed An Agency Relationship Between Defendants and Third Party Callers.

Plaintiff argues that because Defendants allegedly accepted transferred calls and attempted to sell Plaintiff life insurance, Defendants had authority over the third-party telemarketers. However, Plaintiff does not and cannot demonstrate that Defendants exerted control over the initiator of the call, supervised or controlled the initial call, or maintained any sort of relationship with the initiator of the call outside of call transfers.

### IV. Plaintiff's Extraneous Allegations and Exhibits Cannot Be Considered.

In his opposition papers, Plaintiff introduces exhibits that Plaintiff claims represent insurance applications, signed by Defendant Vongdara, that Plaintiff received after certain calls. Plaintiff further states that Vongdara used "unlicensed individuals to sell insurance" and "made false representations as to his having witnessed signatures to the several applications."[2] These new allegations and exhibits are not included in the First Amended Complaint. The Court should disregard all supplemental allegations and exhibits raised in plaintiff's opposition brief. *Ross v. Fed. Nat. Mortg. Ass'n*, No. 13-12656, 2014 WL 3597633, at *8

---

[2] This is a clear attempt by Plaintiff to support his proposition that an agency relationship existed between Defendant Vongdara and other individuals who Plaintiff alleges improperly called him. Even if these extraneous allegations are considered by the Court (which they should not be), Plaintiff still fails to demonstrate that the overseas callers were acting on behalf of or subject to the control over Vongdara.

(E.D. Mich. July 22, 2014) ("the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

## V. Plaintiff Fails to Allege That Defendants Exceeded the Requisite Number of Abandoned Calls and Any Amendment Would be Futile.

Plaintiff's opposition states that Defendants failed to "provide a pre-recorded identification and opt out measure" and "an automated interactive voice and/or key press-activated opt out mechanism" in violation of 47 C.F.R. § 64.1200(a)(7). This new allegation is not included in the Amended Complaint and should not be considered. In any event, Plaintiff's new allegation still misses the mark and any amendment would be futile because Plaintiff does not and cannot meet the prerequisite element for a violation of 47 C.F.R. § 64.1200(a)(7): *Plaintiff fails to allege that Defendants exceeded the requisite percentage of "abandoned" calls*. *See Macomb Interceptor Drain Drainage Dist. v. Kilpatrick*, 896 F. Supp. 2d 650, 669 (E.D. Mich. 2012).

## VI. Plaintiff Fails to State a Claim Under § 227(c)(5) of the TCPA.

Count V fails to state a claim on two fronts: First, Plaintiff concedes that calls 12, 15-23, 25-28, 31-51 and the "Confrontation Calls" were placed to his cellular phone, not a residential phone. Given that Plaintiff has stated that he has four residential phone lines, including his cell phone, Count V fails as a matter of law with respect to alleged calls made to Plaintiff's cell phone. Second, while Plaintiff attempts to implicate Defendants in all of the calls, Plaintiff does not

148349195v1

allege that he received more than one telephone call from Defendants Grant, Powell, Wickham, and Igweh within any 12-month period.

## VII. Plaintiff Fails to State that Defendants Initiated Calls Without Do Not Call Procedures.

Violation of 47 C.F.R. § 64.1200(d) stems from the initiation of a phone call without Defendant having implemented the minimum procedures required by the regulations. Plaintiff's barebones allegations do not allow the Court to draw a reasonable inference that Defendants have not instituted do-not-call procedures.

## VIII. Plaintiff Has No Private Right Of Action Under 47 C.F.R. 64.1601(e)(1).

Plaintiff concludes that "[c]learly, the requirement for caller identification is an alternative method or procedure in protecting such privacy rights." However, "[w]here a statutory scheme and its implementing regulations have expressly created a private right of action but have not expressly done so elsewhere in the same scheme, it is 'highly improbable' that Congress [] absent mindedly forgot to mention an intended private action." *Meyer v. Cap. All. Grp.*, No. 15-CV-2405-WVG, 2017 WL 5138316, at *16 (S.D. Cal. Nov. 6, 2017).

## IX. Plaintiff Fails to State a Claim for Willfulness.

Plaintiff alleges that he requested that Defendants cease calls only during his outgoing "confrontation calls," which occurred after Plaintiff engaged in a campaign to bait callers by posing as an interested customer in order to solicit

6

contact. Moreover, a majority of the calls associated with Defendants were made only once and were initiated by third parties.

## X. Plaintiff Fails to State Claims Under MTCCCA and MHSSA.

First, Plaintiff alleges that each call associated with Defendants was initiated by overseas third-party telemarketers. Second, Plaintiff fails to allege that a feature blocking the caller identification information was initiated on any of the Calls at Issue. Third, Plaintiff alleges that he provided alias names to invite further calls, establishing that he provided consent for the follow up calls made to him.

## XI. Defendants Have Complied With E.D. Mich. L.R. 7.1(a) in Filing the Instant Motion.

Plaintiff presents no legal basis that a request for concurrence by email constitutes unreasonable efforts for a conference. Counsel for Defendants emailed Plaintiff on March 9, 2023 requesting Plaintiff's consent to Defendants' motion and explaining the nature and legal basis of the motion. (*See* Ex. A.)

**WHEREFORE**, Defendants respectfully request that the Court dismiss the Complaint with prejudice and order any other relief deemed just and proper.

Date: April 10, 2023        Respectfully submitted,

*/s/ Armeen M. Shroff*
Armeen M. Shroff (P84354)
Matthew J. Lund (P48632)
TROUTMAN PEPPER HAMILTON SANDERS LLP
4000 Town Center, Suite 1800
Southfield, Michigan 48075

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| MARK DOBRONSKI, | Case No. 2:22-cv-12039-JJCG |
| Plaintiff, | Hon. Denise Page Hood |
| v. | Magistrate Judge Jonathan J.C. Grey |
| FAMILY FIRST LIFE, LLC, et al., | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2023, I caused a copy of the foregoing Defendant's Reply Brief in Further Support of Motion to Dismiss Plaintiff's First Amended Complaint to be electronically filed with the U.S. District Court, Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all ECF participants.

I further certify that a copy will be sent via U.S. Mail, postage prepaid, to:

> Mark W. Dobronski
> PO Box 85547
> Westland, MI  48185-0547

I further certify that a courtesy copy will be sent via Federal Express to the Hon. Denise Page Hood, 231 W. Lafayette Blvd., Room 219, Detroit, MI 48226.

*/s/ Armeen M. Shroff*
Armeen M. Shroff (P84354)

148349195v1