# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARK DOBRONSKI,

           Plaintiff,

v.

FAMILY FIRST LIFE, LLC, et al.,

           Defendants.

Case No. 2:22-cv-12039

Hon. Denise Page Hood

Magistrate Judge Jonathan J.C. Grey

## DEFENDANTS BLAKE HUNTER SCHEIFELE AND PAUL RYAN CHRISTLE'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendants Blake Hunter Scheifele and Paul Ryan Christle ("Defendants"), by and through their counsel, submit their Motion to Dismiss the Complaint of Plaintiff Mark Dobronski ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6). In support of their Motion, Defendants incorporate by reference the Brief accompanying this Motion.

Pursuant to E.D. Mich. L.R. 7.1(a)(1), Defendants sought concurrence in the relief sought herein and offered to discuss the legal bases identified on April 28, 2023 via electronic mail sent at 2:15 p.m. to the email address through which Plaintiff has previously corresponded on this case. Plaintiff, *pro se*, did not respond to counsel's email or concur with the relief sought herein, requiring this motion.

WHEREFORE, Defendants respectfully request that the Court grant the Motion and dismiss with prejudice all claims against Defendants.

Dated:  May 1, 2023

Respectfully submitted,

*/s/ Armeen M. Shroff*
Matthew J. Lund (P48632)
Armeen M. Shroff (P84354)
TROUTMAN PEPPER HAMILTON SANDERS LLP
4000 Town Center, Suite 1800
Southfield, Michigan 48075
Telephone: (248) 359-7300
matthew.lund@troutman.com
armeen.shroff@troutman.com

*Attorneys for Defendants Khonsavan Vongdara, Shannon Adams, Donte Grant, Vanessa Isabel Powell, Dario Joseph Wickham, Emmanuel Chibuzor Igweh, Vanina E. Bonanno, Blake Hunter Scheifele and Paul Ryan Christle*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| MARK DOBRONSKI, | Case No. 2:22-cv-12039 |
| Plaintiff, | Hon. Denise Page Hood |
| v. | Magistrate Judge Jonathan J.C. Grey |
| FAMILY FIRST LIFE, LLC, et al., | |
| Defendants. | |

**BRIEF IN SUPPORT OF DEFENDANTS BLAKE HUNTER SCHEIFELE
AND PAUL RYAN CHRISTLE'S MOTION TO DISMISS PLAINTIFF'S
<u>FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ......................................................................1

II.   FACTS .....................................................................................3

II.   STANDARDS OF REVIEW.....................................................5

III.  PLAINTIFF'S TCPA CLAIMS SHOULD BE DISMISSED AS A
      MATTER OF LAW (COUNTS I – XI) ......................................6
      A.   The Court Should Dismiss Plaintiff's TCPA Claims Because
           Plaintiff Fails to Allege Facts Showing Article III Standing..........6
      B.   Count I Fails to Allege That Defendants Used an Automated
           Telephone Dialing System Utilizing a Random or Sequential
           Number Generator. ...................................................................8
      C.   All Causes of Action Relating to Calls 1-11, 13-28, and 31-56
           Must Be Dismissed as to Defendants for Failure to State a
           Claim.........................................................................................11
      D.   Plaintiff's Claims Fail to Sufficiently Allege That Any Calls
           Were Initiated by Defendants ...................................................12
      E.   Counts III and IV Must Be Dismissed for Failure to State a
           Claim ........................................................................................15
      F.   Count V Fails to Assert a Claim for Relief Under § 227(c)(5)
           of the TCPA ..............................................................................16
      G.   Counts VI-X Fail Because Plaintiff Does Not Allege That
           Defendants' Failed to Maintain Do-Not-Call List
           Procedures.................................................................................18
      H.   There Is No Private Right of Action for Violation of 47
           C.F.R. § 64.1601(e)(1) (Count XI)..............................................19
      I.   Plaintiff Fails to Sufficiently Allege a Claim for Willfulness .......20

IV.   PLAINTIFF'S MTCCCA CLAIM SHOULD BE DISMISSED AS
      A MATTER OF LAW (COUNT XII) ........................................22

V.    PLAINTIFF'S MHSSA CLAIM SHOULD BE DISMISSED AS A
      MATTER OF LAW (COUNT XIII)..........................................23

## ISSUES PRESENTED

1. Should the Complaint be dismissed because Plaintiff's TCPA claims fail to allege that Defendants used an automated telephone dialing system ("ATDS") pursuant to the Supreme Court's ruling in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021)?

2. Should the Complaint be dismissed because Plaintiff has no Article III standing?

3. Should the Complaint be dismissed because Plaintiff fails to state a claim with respect to Calls 1-11, 13-28, and 31-56, as he does not plead facts to support the Calls related to Defendants in any way whatsoever?

4. Should the Complaint be dismissed for Plaintiff's failure to adequately plead vicarious liability, as Defendants did not initiate any of the Calls?

5. Should the Complaint be dismissed for Plaintiff's failure to allege the calls were to his residential telephone, and that he does not allege more than one telephone solicitation per defendant?

6. Should the Complaint be dismissed because Plaintiff invited the alleged calls?

Defendants' Answers:        Yes
Plaintiff's Answers:        No
The Court should Answer:        Yes

153465631v1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ACA Int'l v. Fed. Commc'ns Comm'n,*
  885 F.3d 687, 435 U.S. App. D.C. 1 (D.C. Cir. 2018) ........................................9

*Estate of Barney v. PNC Bank, Nat'l Assoc.,*
  714 F.3d 920 (6th Cir. 2013) ..........................................................................5, 6

*Barrow v. Living Word Church,*
  No. 3:15-CV-341, 2016 WL 2619754 (S.D. Ohio May 5, 2016).......................6

*Barry v. Ally Fin., Inc.,*
  No. 20-12378, 2021 WL 2936636 (E.D. Mich., 2021) ...........................9, 10, 11

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ..........................4, 5, 9

*Charvat v. GVN Michigan, Inc.,*
  561 F.3d 623 (6th Cir. 2009) ..........................................................................18

*Childress v. Liberty Mut. Ins. Co.,*
  No. 17-CV-1051 ..............................................................................................13

*Cunningham v. Politi,*
  No. 18-cv-00362-ALM-CAN, 2019 WL 2517085 (E.D. Tex. Apr.
  30, 2019) .........................................................................................................16

*Dobronski v. Selectquote Ins. Serv's,*
  462 F. Supp. 3d 784 (E.D. Mich. 2020) ...........................................................20

*Dobronski v. SunPath Ltd.,*
  No. 19-cv-13094, 2020 WL 8840311 (E.D. Mich. July 27, 2020) ...................20

*Dobronski v. Total Insurance Brokers LLC,*
  No. 21-cv-10035, 2021 WL 4452218 (E.D. Mich. 2021) ...........................20, 21

*Dominguez v. Cap. One, N.A.,*
  No. 16-12896, 2017 WL 3097801 (E.D. Mich. June 23, 2017)..........................5

153465631v1

*Duchene v. OnStar, LLC*,
    No. 15-cv-13337, 2016 WL 3997031 (E.D. Mich. July 26, 2016) ...................20

*Facebook, Inc. v. Duguid*,
    141 S. Ct. 1163 (2021)................................................................*passim*

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs*.,
    528 U.S. 167 (2000)........................................................................7

*Gen. Ret. Sys. of Detroit v. Alamerica Bank*,
    14-cv-10032, 2015 WL 7756153 (E.D. Mich. 2015) ........................................13

*Gross v. Hougland*,
    712 F.2d 1034 (6th Cir. 1983) ...............................................................6

*Hamza v. Dunhams Athleisure Corp*.,
    No. 16-cv-11641, 2017 WL 1077895 (E.D. Mich. Mar. 22, 2017) .................21

*Harris v. World Fin. Network Nat'l Bank*,
    867 F. Supp. 2d 888 (E.D. Mich. 2012) .............................................21

*Ingram Barge Co., LLC v. Zen-Noh Grain Corp*.,
    3 F.4th 275 (6th Cir. 2021) ...............................................................13

*Johansen v. Bluegreen Vacations Unlimited, Inc.*,
    No. 20-cv-81076, 2021 WL 4973593 (S.D. Fla. Sept. 30, 2021)........................8

*Johansen v. Nat'l Gas & Elc. LLC*,
    No. 2:17-cv-587, 2017 WL 6505959 (S.D. Ohio Dec. 20, 2017) .......................8

*Johansen v. Nat'l Gas & Elec. LLC*,
    No. 2:17-cv-587, 2018 WL 3933472 (S.D. Ohio Aug. 16, 2018),
    *case dismissed*, No. 18-3895, 2019 WL 4597740 (6th Cir. Apr. 18,
    2019) ....................................................................................8

*Kepley v. Lanz*,
    715 F.3d 969 (6th Cir. 2013) ...............................................................5

*Lucas v. Telemarketer Calling from (407) 476-5680*,
    No. 18-3633, 2019, 2019 WL 3021233 (6th Cir. May 29, 2019) ....................13

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992)..........................................................................6

*Meyer v. Capital All. Grp.*,
No. 15-cv-4505-WVG, 2017 WL 5138316 (S.D. Cal. Nov. 6,
2017) ...............................................................................................................20

*Mosley v. Gen. Revenue Corp.*,
No. 20-cv-01012-JES-JEH, 2020 WL 4060767 (C.D. Ill. July 20,
2020) ..................................................................................................................9

*Murray v. U.S. Dep't of Treasury*,
681 F.3d 744 (6th Cir. 2012) ............................................................................7

*Osorio v. State Farm Bank, F.S.B.*,
746 F.3d 1242 (11th Cir. 2014) ......................................................................16

*Republic Bank & Trust Co. v. Bear Stearns & Co.*,
683 F.3d 239 (6th Cir. 2012) ............................................................................6

*Selou v. Integrity Solution Servs.*,
No. 15-cv-10927, 2016 WL 612756 (E.D. Mich. Feb. 16, 2016) ...............12, 13

*Soehnlen v. Fleet Owners Ins. Fund*,
844 F.3d 576 (6th Cir. 2016) ............................................................................7

*Spokeo v. Robins*,
578 U.S. 330, 136 S. Ct. 1540 (2016)................................................................7

*Stevens-Bratton v. Trugreen, Inc.*,
437 F. Supp. 3d 648 (W.D. Tenn. 2020) .........................................................17

*TCG Detroit v. City of Dearborn*,
206 F.3d 618 (6th Cir. 2000) ............................................................................6

*TransUnion LLC v. Ramirez*,
141 S. Ct. 2190 (2021)........................................................................................7

*Visser v. Caribbean Cruise Line, Inc.*,
No. 1:13-cv-1029, 2020 WL 415847 (W.D. Mich. Jan. 27, 2020) ...................23

*Worsham v. Travel Options, Inc.*,
No. 14-cv-2749, 2016 WL 4592373 (D. Md. Sept. 2, 2016) ...........................20

153465631v1

**Statutes**

47 U.S.C. § 227(b) ........................................................................9

47 U.S.C. § 227(b)(1)(A)(iii) ..............................................11, 12

47 U.S.C. § 227(c)(1) .................................................................18

47 U.S.C. § 227(c)(5) ...........................................................16, 18

277 U.S.C. § 227 .........................................................................1

M.C.L. § 445.111(m) .................................................................23

M.C.L. § 484.125(2) ..................................................................22

M.C.L. § 484.125 (2)(a)-(b) .......................................................22

MHSSA ...........................................................................3, 5, 23

Michigan Home Solicitation Sales Act, M.C.L. § 445.101 ......................................1

Michigan Telephone Companies as Common Carriers Act, M.C.L. § 484.101 ..............................................................................1

MTCCCA ........................................................................3, 5, 22

TCPA .................................................................................*passim*

Telephone Consumer Protection Act ............................................1

## I.   INTRODUCTION

Plaintiff Mark Dobronski ("Plaintiff"), also known as "Arthur Heaton", "Derrick Simpson", "Alexander Burke", "David McAfree", "Carlos Ramirez", "Bruce Petri", "Michael Xavier Overton", and "Dennis Xavier Curtis", is a serial filer of claims under the Telephone Consumer Protection Act ("TCPA"), with no less than twenty-one lawsuits filed within the past six years. While he claims to be among the aggrieved private citizens the TCPA was enacted to protect, Plaintiff unabashedly engages in "baiting" the Defendants by deceitful conduct. He poses as an interested customer while providing fake names, social security numbers, addresses, and emails in order to solicit contact from Defendants, and then cries foul when he (and his many aliases) continue to be contacted.

Plaintiff initiated this lawsuit by filing a Complaint on August 31, 2022. On February 24, 2023, Plaintiff filed a First Amended Complaint adding Defendants Blake Hunter Scheifele and Paul Ryan Christle. Plaintiff alleges he received fifty-six telephone calls (the "Calls") to his cellular and residential telephone numbers in violation of the TCPA, 277 U.S.C. § 227 (Counts I – XI), the Michigan Telephone Companies as Common Carriers Act ("MTCCCA"), M.C.L. § 484.101 (Count XII), and the Michigan Home Solicitation Sales Act ("MHSSA"), M.C.L. § 445.101 (Count XIII). Plaintiff's amended complaint is as deficient as the original complaint and must be dismissed with prejudice.

*First*, Plaintiff's TCPA causes of action must be dismissed because plaintiff cannot allege facts showing Article III standing.

*Second*, Plaintiff's TCPA causes of action (Counts I-XI) must be dismissed because Plaintiff fails to plead facts that would allow the Court to reasonably infer that Defendants used an automated telephone dialing system ("ATDS").

*Third*, all causes of action related to Calls 1-11, 13-28, and 31-56 must be dismissed as to Defendants, because Plaintiff does not plead facts to support Defendants initiated these calls (Counts I-XI).

*Fourth*, Plaintiff fails to sufficiently plead vicarious liability, as Plaintiff admits the calls were not placed by Defendants (Counts I-XI).

*Fifth*, Counts III and IV must be dismissed as Plaintiff either does not allege that Defendants were involved in any way in the calls, the requisite percentage of abandoned calls over a 30-day campaign, or that any of the calls were initiated, or caused to be initiated, by Defendants.

*Sixth*, Plaintiff's TCPA claims fail with respect to calls allegedly placed to Plaintiff's cell phone and allegations of receipt of a single call in a 12-month period.

*Seventh*, Counts VI-XI fail because Plaintiff does not allege that Defendants failed to maintain do-not-call list procedures.

*Eighth*, Counts XII and XIII fail because Plaintiff fails to allege that (1) Defendants used prerecorded messages or block features, were involved in or were

responsible for the alleged calls to Plaintiff, delivered intrastate commercial advertising; and (2) Plaintiff provided a fake alias to invite further calls.

## II.   FACTS

Plaintiff alleges violations of the TCPA (Count I – XI), MTCCCA (Count XII) and MHSSA (Count XIII) for 56 alleged calls to his four residential telephone numbers (-0222[1], -1000, -1212, and -2424) and one mobile telephone number (-9671) (ECF No. 99, ["Am. Compl."]).  Plaintiff alleges that the calls were initiated by outbound telemarketing call centers. (*Id.*, ¶ 91). He further alleges that these call centers utilized "automated telephone dialing systems." (*Id.*) However, Plaintiff admits that he provided false and unique identifying information during each received call, so that when that unique information surfaced at a later date, it would serve as a "tie-in" between the two events. (*Id.*, ¶ 100). Of those 56 calls, Plaintiff references Defendants Scheifele and Christle *in only 3 of them* (the "Calls at Issue").[2] In the remaining 53 calls, Plaintiff does not allege the Defendants were involved, whatsoever. [3]

---

[1] While Plaintiff's original complaint alleged Plaintiff held three residential phone numbers, Plaintiff now claims to have obtained a new fourth "residential" phone number ending in 0222.

[2] The Calls at Issue are Calls 12, 29, and 30.

[3] As in his original complaint, Plaintiff brings causes of action against all named defendants, without identifying which defendants were responsible for each claim. Accordingly, Plaintiff fails to provide fair notice of what his claims are and

Of the Calls at Issue, in Call 29 Plaintiff provided a fake name to the original caller. (Am. Compl., ¶¶ 287-299). In Calls 12 and 30, Plaintiff does not allege that he spoke to any of the Defendants, nor does he allege that they caused the calls to be made. (Am. Compl., ¶¶ 182-198, 300-313). Regarding Call 12, Plaintiff alleges that he received an insurance policy addressed to the alias he provided during the call, with Defendant Scheifele listed as the insurance broker associated with the policy Plaintiff signed up for.  (*Id.*, ¶¶ 182-198). Regarding Call 30, Plaintiff alleges he received a call from an individual named "Isaac" who unsuccessfully attempted to transfer the call to an individual named "Paul." (*Id.*, ¶¶ 300-313).

Plaintiff brings thirteen counts against Defendants Blake Hunter Scheifele ("Scheifele") and Paul Ryan Christle ("Christle") (collectively, "Defendants").[4]

---

the grounds upon which they rest. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007).

[4] Count I (labeled "Autodialer Call") alleges Defendants initiated calls to Plaintiff's cellular telephone line using an automatic dialing system. Count II ("Recorded Messages Call") alleges Defendants initiated telephone calls using an artificial or prerecorded voice. Count III ("Premature Hang Up Call") alleges Defendants disconnected calls prior to at least 15 seconds or 4 rings. Count IV ("Abandoned Call") alleges Defendants initiated calls without connecting to a live sales representative within two seconds of the called person's greeting. Counts V ("Do Not Call") alleges that Defendants initiated telephone solicitations to a residential telephone subscriber who has registered his telephone number on the do-not-call registry. Counts VI through X ("No Written DNC Policy", "Failure to Train", "Failure to Record DNC Request", "Failure to Identify", "No Do Not Call List") allege Defendants failed to have a written DNC policy available upon demand, train personnel, record Plaintiff's DNC requests, and identify the caller. Count XI ("Falsified Caller ID"), alleges Defendants failed to provide caller identification

-4-

## II. STANDARDS OF REVIEW

Rule 12(b)(1) allows a party to request dismissal of a claim due to a lack of subject matter jurisdiction. Because the question of standing "goes to a court's subject matter jurisdiction," a complaint may be dismissed under Rule 12(b)(1) if the plaintiff lacks Article III standing to bring suit." *Kepley v. Lanz*, 715 F.3d 969, 972 (6th Cir. 2013) (internal quotations omitted). Rule 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Dominguez v. Cap. One, N.A.*, No. 16-12896, 2017 WL 3097801, at *1 (E.D. Mich. June 23, 2017), report and recommendation adopted, No. 16-CV-12896, 2017 WL 3085779 (E.D. Mich. July 20, 2017).

A complaint only survives a motion to dismiss under Rule 12(b)(6) "if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Estate of Barney v. PNC Bank, Nat'l Assoc.*, 714 F.3d 920, 924–25 (6th Cir. 2013). "A claim is plausible when the plaintiff pleads factual

---

information. Counts XII and XIII are brought under Michigan statutes and Plaintiff alleges Defendants delivered a recorded message or blocked their caller ID and made calls to numbers on the federal do-not-call list. Plaintiff seeks damages of 1) $500 for each TCPA violation, with treble damages for same as he asserts the violations were "willful and knowing" for a total of 424 violations; 2) $1,000 for each MTCCCA violation for a total of 44 violations; and 3) $250 per MHSSA violation for a total of 56 violations.

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[B]are assertions of legal conclusions are not sufficient." *Barrow v. Living Word Church*, No. 3:15-CV-341, 2016 WL 2619754, at *3 (S.D. Ohio May 5, 2016) (citing *Rondigo L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 684 (6th Cir. 2011)). Rather, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

## III.   PLAINTIFF'S TCPA CLAIMS SHOULD BE DISMISSED AS A MATTER OF LAW (COUNTS I – XI)

### A. The Court Should Dismiss Plaintiff's TCPA Claims Because Plaintiff Fails to Allege Facts Showing Article III Standing

Courts must resolve questions of subject matter jurisdiction before ruling on the merits of the claim. *Gross v. Hougland*, 712 F.2d 1034, 1036 (6th Cir. 1983). Article III of the United States Constitution limits federal jurisdiction to "cases" and "controversies," and standing is "an essential and unchanging part of" this requirement. U.S. Const. Art. III, § 2; *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Where the plaintiff has no Article III standing to bring a case, jurisdiction is lacking and the court must dismiss it. *TCG Detroit v. City of Dearborn*, 206 F.3d 618, 622 (6th Cir. 2000). To have Article III standing, a plaintiff must show that "it

has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the Defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs*., 528 U.S. 167, 180 (2000); *see also Murray v. U.S. Dep't of Treasury*, 681 F.3d 744, 748 (6th Cir. 2012).

An injury in fact must be particularized, meaning personal to the plaintiff, and concrete, meaning real and not abstract. *TransUnion LLC v. Ramirez,* 141 S. Ct. 2190, 2203 (2021); *see also Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 581 (6th Cir. 2016). The Supreme Court has made clear that an "injury in fact" is required "even in the context of a statutory violation." *Spokeo v. Robins*, 578 U.S. 330, 341, 136 S. Ct. 1540 (2016). Indeed, "Congress's creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III." *TransUnion*, 141 S. Ct. at 2205. "Only those plaintiffs who have been ***concretely harmed*** by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* (emphasis in original).

Here, the Complaint is devoid of factual allegations demonstrating that Plaintiff suffered any actual injury in fact that is particularized and affected him in a personal way. Plaintiff admittedly engaged in conversations with those who he

was able to connect with on the phone. During these conversations, Plaintiff would provide personal identifying information (albeit fake), feigning interest in life insurance in order to bait whoever he was speaking with. (*See* ECF No. 1). Accordingly, Plaintiff engaged in a campaign to induce callers into making calls.[5]

### B. Count I Fails to Allege That Defendants Used an Automated Telephone Dialing System Utilizing a Random or Sequential Number Generator.

On April 1, 2021, the United States Supreme Court issued its decision in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021) ("*Facebook*"), to address the definition of an automatic telephone dialing system ("ATDS"). A unanimous Court held that in order to qualify as an ATDS, "the equipment in question ***must use*** a random or sequential number generator." *Facebook*, 141 S. Ct. at 1170 (emphasis added). To qualify as an "automatic telephone dialing system," a device must have

---

[5] *See Johansen v. Bluegreen Vacations Unlimited, Inc.*, No. 20-cv-81076, 2021 WL 4973593, at *5 (S.D. Fla. Sept. 30, 2021) (denying class certification where plaintiff had "developed a 'typical practice' of deceitful conduct" where he "pose[d] as a customer," inducing the defendant into making telemarketing calls); *Johansen v. Nat'l Gas & Elc. LLC*, No. 2:17-cv-587, 2017 WL 6505959, at *8 (S.D. Ohio Dec. 20, 2017) (order to show cause why his complaint should not be dismissed as meritless in light of indications that the lawsuit was "based on a ruse" because the plaintiff deliberately provided false information to induce calls); *Johansen v. Nat'l Gas & Elec. LLC*, No. 2:17-cv-587, 2018 WL 3933472, at *5 (S.D. Ohio Aug. 16, 2018), *case dismissed,* No. 18-3895, 2019 WL 4597740 (6th Cir. Apr. 18, 2019) (granting summary judgment dismissing complaint based on Plaintiff's allegation that he agreed to be called and even attempted to call defendant to complete the enrollment process when one of the calls got cut off).

-8-

the capacity either to store or produce a telephone number using a random or sequential number generator. *Id.* To qualify as a claim under the TCPA, the calls must be made using an ATDS or an artificial, pre-recorded voice. 47 U.S.C. § 227(b).

In *Barry v. Ally Fin., Inc*., No. 20-12378, 2021 WL 2936636 (E.D. Mich., 2021) ("*Barry*"), the court dismissed a plaintiff's TCPA claims when "there [was] no allegation in the Complaint even hinting that Defendant used its dialing system to make calls to plaintiff… using a random or sequential number generator, or even that the Defendant's dialing system had the capacity to do so (such as allegations that Defendant's dialing system could be used to call persons at random, with no direct connection to Defendant's business)." *See also ACA Int'l v. Fed. Commc'ns Comm'n*, 885 F.3d 687, 702, 435 U.S. App. D.C. 1 (D.C. Cir. 2018) (explaining that "numbers that are 'randomly or sequentially generated' differ from numbers that 'come from a calling list.'"). The *Barry* court held that mere speculation that a Defendant's dialing system *might* have the capacity to use randomly generated number systems to call other unknown persons, without any factual basis in the pleadings to support that speculative possibly, failed to satisfy *Twombly*, which "limits claimants to *plausible* claims, not just *possible* ones." *Id*. at *15 (emphasis in original); *see also Mosley v. Gen. Revenue Corp*., No. 20-cv-01012-JES-JEH, 2020 WL 4060767, at *4 (C.D. Ill. July 20, 2020) (rejecting the inference that a claim is

-9-

plausible because a plaintiff merely alleges the dialer system has the capacity to randomly or sequentially generate numbers, without any factual basis for such allegations).

Here, Plaintiff alleges – in conclusory fashion – that Calls 12, 15-23, 25-28, 31-33, and 35-51 were placed by an ATDS. First, Plaintiff does not allege that Defendants were involved in any way on these calls. The only connection that Plaintiff alleges Defendant Scheifele has with Call 12 is Defendant Scheifele's name listed as a broker on the policy addressed to Plaintiff's alias. Second, Plaintiff's claims fail as a matter of law, as Plaintiff fails to allege that any of the equipment in question utilized a random or sequential number generator. Plaintiff fails to allege sufficient facts to support a plausible inference that the "multi-second delays and/or a 'boink' or clicking sound" or "spoofed" caller identification number display represents an ATDS under the definition set forth in *Facebook* and as accepted in *Barry*. Plaintiff does not allege that Defendants actually utilized technology that used a random or sequential number generator.  Instead, Plaintiff asserts a barebones allegation that "Defendants outsource their outbound telemarketing to call centers utilizing automatic dialing systems to initiate telephone calls *en masse* to consumers to develop prospective buyers for the insurance products." (Am. Compl., ¶ 91). This is wholly insufficient, as Plaintiff does not allege that Defendants used a random or

sequential number generator.[6] As such, Plaintiff's TCPA claims must be dismissed

with prejudice under the Supreme Court's holding in *Facebook* and the District's

holding in *Barry*.

### C. All Causes of Action Relating to Calls 1-11, 13-28, and 31-56 Must Be Dismissed as to Defendants for Failure to State a Claim.

The TCPA makes it unlawful "to *initiate* any telephone call… using an

automatic telephone dialing system." *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. §

64.1200(a)(1), (2), (3) (emphasis added). Plaintiff's claims fail as a matter of law

with respect to Calls 1-11, 13-28, and 31-56. The Complaint contains no allegations

to indicate that Defendants initiated these calls, caused or directed these calls to be

initiated, authorized the calls, or were in anyway connected to, or somehow involved

with, the above-referenced calls. It would be pure speculation to assume that any of

---

[6] Even the hypothetical argument that the telemarketers utilized a random or sequential number generator is belied by Plaintiff's own allegations. In Calls 15, 20, 21, 22, 23, 25, 26, and 27 Plaintiff bases his claims on calls that were allegedly unsolicited, but nonetheless specifically and personally directed to him, confirmed by his very own "canary trap" fake aliases he provided in previous calls. (Am. Compl., ¶¶ 208-213, 231-251, 259-280). For example, in Calls 21, 22, and 23 Plaintiff alleges a telemarketer asked to speak with "Bruce Petri" (Am. Compl., ¶¶ 240, 244, 249), which is the very same "canary trap" name provided by Plaintiff during Call 15 (Am. Compl., ¶¶ 211). With respect to Calls 20 and 23, Plaintiff alleges that an email was sent to the fake email addresses he provided in previous calls, addressed to fake aliases he provided in previous calls. (*Id.*, ¶¶ 236, 251). Because Plaintiff alleges the Calls were directed to Plaintiff's alias, the Court can only conclude that the telemarketers called him based on stored information provided by Plaintiff.

these calls were placed by Defendants or at Defendants' direction, or that an ATDS utilizing a "random or sequential number generator" was used, as required by *Facebook*. Accordingly, any cause of action relating to these calls must be dismissed as to Defendants with prejudice.

### D. Plaintiff's Claims Fail to Sufficiently Allege That Any Calls Were Initiated by Defendants

Plaintiff's TCPA claims fail because the Complaint neither asserts that the any calls were initiated by Defendants nor alleges facts sufficient to show that an agency relationship existed between Defendants and the entity (or entities) that placed the calls. Dismissal is warranted because the calls cannot be attributed to Defendants without engaging in unfounded speculation.

### 1. To Assert a Claim for Vicarious Liability Under the TCPA, a Plaintiff Must Establish the Existence of an Agency Relationship Between the Defendants and the Party Who Placed the Calls.

Only a person or entity who actually places a call can be held liable for a violation of § 227(b)(1)(A)(iii). *Selou v. Integrity Solution Servs.*, No. 15-cv-10927, 2016 WL 612756, at *3 (E.D. Mich. Feb. 16, 2016). Rather than contend that the calls were placed by Defendants, Plaintiff admits that calls were placed by unnamed third parties. (Am. Compl., ¶ 101). While it is possible for a plaintiff to assert a claim under the TCPA based on the acts of an agent, the "*mere possibility* that a defendant may be vicariously liable… is not sufficient to state a claim for relief." *Selou*, 2016 WL 612756, at *5 (emphasis added).

-12-

An agency relationship only exists "if the agent is acting on behalf of, and subject to, the control of the principal." *Ingram Barge Co., LLC v. Zen-Noh Grain Corp.*, 3 F.4th 275, 280 (6th Cir. 2021). To establish that an agency relationship exists, the party must show: "(1) the agent has the power to alter the legal relations between the principal and third parties; (2) the agent is a fiduciary of the principal regarding matters within the scope of the agency; and (3) the principal has the right to control the agent's conduct of matters entrusted to him." *Gen. Ret. Sys. of Detroit v. Alamerica Bank*, 14-cv-10032, 2015 WL 7756153, at *2 (E.D. Mich. 2015). In *Lucas v. Telemarketer Calling from (407) 476-5680*, No. 18-3633, 2019, 2019 WL 3021233 (6th Cir. May 29, 2019), the Sixth Circuit affirmed the district court's dismissal of the plaintiff's TCPA claims, which were based on a theory of vicarious liability, holding "knowingly assisting telemarketers," as plaintiff alleged defendants had done, did not amount to the "formal agency," "apparent authority," or "ratification" necessary to allege a TCPA violation under a vicarious liability theory. *Lucas*, 2019 WL 3021233, at *5.

Here, as in *Selou* and *Lucas,* the Complaint contains no allegations that the person who initiated the calls acted under the direction and control of Defendants. The mere fact that some calls were ultimately transferred to Defendants does not suffice. *See Childress v. Liberty Mut. Ins. Co.*, No. 17-CV-1051 MV/KBM, 2018 WL 4684209, at *4 (D.N.M. Sept. 28, 2018) (holding that the transfer of a

telemarketing call to the defendant does not show that the defendant "exerted control over the initiator of the call, supervised or controlled the initial call, or maintained any sort of relationship with the initiator of the call, and thus is insufficient to establish an agency relationship between the transferor and [the defendant]").

Plaintiff also fails to state a claim for vicarious liability with respect to the calls in which he did not speak to any Defendants. For example, he alleges that Call 12 was received from a person named "James", who then transferred to an "Elijah Wood", with whom Plaintiff signed up for life insurance. Plaintiff alleges he ultimately received a policy in the mail, which listed Defendant Scheifele as the selling insurance broker. (Am. Compl., ¶¶ 182-198). However, there is nothing to suggest Scheifele hired "James" or "Elijah Wood" to carry out a telemarketing campaign or that these individuals were acting under the direction and control of Scheifele when they allegedly placed calls to Plaintiff.

The alleged Calls 29 and 30 follow an almost identical pattern – one or two unknown individuals initiated conversations with Plaintiff, and rather than Plaintiff advising these individuals that he is not interested and does not wish to be contacted, Plaintiff gave false information or proceeded to qualify himself for life insurance. In Call 30, Plaintiff does not even allege that he spoke to Defendant Christle. Instead, he alleges that he was called by an individual named "John", who transferred the call to an individual named "Isaac", who then unsuccessfully attempted to transfer the

call to a person named "Paul". Because there is nothing to show that the callers acted under the direction and control of Defendants, there can be no vicarious liability. Accordingly, Plaintiff's TCPA claims (Claims I-XI) fail as a matter of law, and this Court should grant Defendants' Motion to Dismiss.

### E. Counts III and IV Must Be Dismissed for Failure to State a Claim

Plaintiff alleges that calls 17 and 53-56 were in violation of 47 C.F.R. § 64.1200(a)(6), which prohibits a person from disconnecting an unanswered telemarketing call prior to at least 15 seconds or four rings. Further, Plaintiff alleges calls 1, 2, 4-8, 10, 12, 15, 16, 18, 19, 21-27, and 29-33 were in violation of 47 C.F.R. § 64.1200(a)(7), which states that no person or entity may "[a]bandon more than three percent of all telemarketing calls that are answered live by a person…over a 30–day period for a single calling campaign." A call is "abandoned" if it is not connected to a live sales representative within two (2) seconds of the called person's completed greeting. 47 C.F.R. § 64.1200(a)(7).

First, Plaintiff does not allege that Defendants were involved in any way in calls 17 and 53-56. Second, Plaintiff does not allege that Defendants exceeded the requisite percentage of abandoned calls during a single calling campaign. Furthermore, Plaintiff fails to plead that any of the calls were initiated, or caused to be initiated, by Defendants. Accordingly, Counts III and IV of Plaintiff's Complaint should be dismissed.

153465631v1

### F.  Count V Fails to Assert a Claim for Relief Under § 227(c)(5) of the TCPA

Count V alleges that Defendants placed calls 1-6 and 8-56 to numbers listed on the National Do Not Call Registry in violation of the TCPA.  However, 47 U.S.C. § 227(c)(5) states that anyone "who has received ***more than one*** telephone call within any 12-month period by or on behalf of the same entity… may assert a private cause of action." The provision includes a prohibition against sales calls that are made to residential telephone numbers listed on the National Do Not Call Registry. *See* 47 C.F.R. § 64.1200(c)(2) (emphasis added).

Numerous courts have held that calls to cellular telephones can never qualify as calls to "residential subscribers" under the TCPA.  *See Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1250 (11th Cir. 2014) (finding that a provision of the TCPA that applies to residential telephones does not apply to cell phones); *Cunningham v. Politi*, No. 18-cv-00362-ALM-CAN, 2019 WL 2517085, at *4 (E.D. Tex. Apr. 30, 2019), *report and recommendation adopted*, No. 4:18-CV-362, 2019 WL 2524737 (E.D. Tex. June 19, 2019) (finding the "TCPA Section 227(c)(5) is limited to redress for violations of the regulations that concern residential telephone subscribers" and thus, does not apply to cell phones).

153465631v1

Based on the plain language of 47 C.F.R. § 64.1200(c)(2),[7] calls to cellular telephones can never qualify as calls to residential telephone subscribers. Here, Plaintiff concedes call 12 was placed to his cell phone – a cell phone that does not function as a residential line, given that Plaintiff has ***four*** residential telephone lines. As the Complaint does not allege facts sufficient to show that the calls were made to residential telephone subscribers as required by the statute, Count V fails with respect to call 12.

Additionally, failure to allege receipt of more than one telephone solicitation in a 12-month period requires dismissal of a claim relating to the National DNC Registry. Indeed, Plaintiff only alleges single incoming calls associated with Defendants Christle and Scheifele in Call 12 and Call 29. Plaintiff does not allege sufficient facts to form a reasonable inference that Call 30 was associated with Defendant Christle, as Plaintiff only alleges that original caller was unable to transfer the call to an individual named "Paul". Plaintiff alleges that "Given that the

---

[7] Defendants acknowledge that other courts have found that cellular telephones can potentially qualify as residential telephones. *See, e.g., Stevens-Bratton v. Trugreen, Inc.*, 437 F. Supp. 3d 648, 656 (W.D. Tenn. 2020). However, even these courts have held that a Plaintiff "must put forth evidence establishing that her cellular telephone is used for residential purposes" to prevail. *Id.* Here, Plaintiff has not put forth any facts to show that he uses his cell phone for residential purposes. Indeed, per his Complaint, Plaintiff already has four residential lines. Accordingly, even if this Court were to find that a cell phone user can potentially be a "residential subscriber," Plaintiff has still failed to plead sufficient facts to state a claim for violation of 47 C.F.R. § 64.1200(c).

telephone number for Paul Christle in Call Number 26 also became with the same first 5 digits as were identified in the automated system, and coincidentally was also named Paul." (Am. Compl. ¶ 310). However, Plaintiff does not even allege that Defendant Paul Christle was involved in Call 26, or that the caller identification numbers match. Even if Plaintiff alleged that Defendant Christle was involved in Call 26 or that the caller identification numbers matched, it would be pure speculation to conclude that "Paul" was in fact Defendant "Paul Christle." Because the plain language of § 227(c)(5) requires a plaintiff to have received "more than one telephone call within any 12-month period by or on behalf of the same entity" before a cause of action can be asserted, Count V should be dismissed as a matter of law.

### G. Counts VI-X Fail Because Plaintiff Does Not Allege That Defendants' Failed to Maintain Do-Not-Call List Procedures

Counts VI-X allege causes of action under 47 C.F.R. § 64.1200(d), an implementing regulation arising out of 47 U.S.C. § 227(c)(1).  A violation of this regulation stems only from the initiation of the phone call, without a Defendant having implemented the minimum procedures as proscribed by the regulations, and not for any other reason.  *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 632 (6th Cir. 2009) ("Violation of [64.1200(d)] is therefore the initiation of the phone call without having implemented the minimum procedures… the district court did not

153465631v1

err in holding that [plaintiff] cannot collect statutory damages on a per-violation basis under the TCPA.")

With respect to the Calls at Issue (12, 29, and 30), there is nothing in Plaintiff's complaint that indicates whether or not Defendants maintained a do not call policy or trained personnel. Moreover, not only does Plaintiff fail to allege that Defendants did not maintain or record do-not-call requests, he does not even allege that he submitted such requests to Defendants. Defendant instead proceeded to provide fake information to qualify himself for life insurance. Further, Plaintiff does not allege that the callers failed to identify themselves or the companies they were associated with. Plaintiff's amended complaint confirms the opposite. (Am. Compl. ¶ 190-192, 293-295). Accordingly, Plaintiff fails to allege facts which would allow the court to draw a reasonable inference that the Defendants failed to institute procedures for maintaining a do-not-call list. Counts VI-X should be dismissed with prejudice.

### H. There Is No Private Right of Action for Violation of 47 C.F.R. § 64.1601(e)(1) (Count XI)

Count XI for "Falsified Caller ID" should be dismissed with prejudice because there is no private cause of action for violation of the caller identification regulation set forth in 47 C.F.R. § 64.1601(e). Plaintiff is well aware of this, as in at least three prior TCPA lawsuits he filed, the U.S. District Court for the Eastern District of Michigan has **_dismissed his claims_** because "there is no private right of action for violations of [47 C.F.R.] § 64.1601(e)" for falsifying (or "spoofing") caller

identification. *See Dobronski v. Total Insurance Brokers LLC*, No. 21-cv-10035, 2021 WL 4452218, at *3 (E.D. Mich. 2021); *Dobronski v. Selectquote Ins. Serv's*, 462 F. Supp. 3d 784 (E.D. Mich. 2020); *Dobronski v. SunPath Ltd*., No. 19-cv-13094, 2020 WL 8840311 (E.D. Mich. July 27, 2020). In *Selectquote Ins. Serv's*, Plaintiff alleged the defendant violated 47 C.F.R. § 64.1601(e) for "spoofed" caller identification numbers. The court followed *Worsham* and *Meyer* in finding there was no basis for a private cause of action under this section, and thus found any possible amendment to the claim to be futile. *Selectquote* at 790, relying on *Worsham v. Travel Options, Inc*., No. 14-cv-2749, 2016 WL 4592373 (D. Md. Sept. 2, 2016) and *Meyer v. Capital All. Grp*., No. 15-cv-4505-WVG, 2017 WL 5138316 (S.D. Cal. Nov. 6, 2017). This Court should follow the precedent in *Dobronski v. Selectquote* and find Plaintiff has no private cause of action and dismiss Count XI with prejudice.

## I.   Plaintiff Fails to Sufficiently Allege a Claim for Willfulness

The willfulness claims leading to treble damages should be dismissed under Rule 12(b)(6) because Plaintiff has not pleaded any facts demonstrating that he notified Defendants that he did not consent to the alleged calls, or that Defendants were otherwise made aware that the calls should not have been made. *See Duchene v. OnStar, LLC*, No. 15-cv-13337, 2016 WL 3997031, at *7 (E.D. Mich. July 26, 2016) ("[A] willful or knowing violation of [the] TCPA requires that Plaintiff has to plead that Defendant was made aware of/notified that Plaintiff did not consent to

calls from Defendant… Plaintiff must also show that Defendant *knew* that Plaintiff did not consent to the phone calls."). *See also Harris v. World Fin. Network Nat'l Bank,* 867 F. Supp. 2d 888, 892 (E.D. Mich. 2012) (holding defendants' conduct could not be deemed willful or knowing when plaintiff had not yet informed them they were calling the wrong number); *Hamza v. Dunhams Athleisure Corp.*, No. 16-cv-11641, 2017 WL 1077895, at *5 (E.D. Mich. Mar. 22, 2017) (dismissing plaintiff's claim for willfulness where plaintiff did not allege that he notified Defendants that he did not consent).

Plaintiff must do more than plead, in conclusory fashion, that "the aforesaid violations of the TCPA were willful and/or knowing." Such barebones assertions are nothing more than a formulaic recitation of legal conclusions and are insufficient to state a claim for trebled statutory damages under Section 227(b)(3) of the TCPA. Plaintiff does not allege that he requested not to be called until his outgoing "confrontation calls." (Am. Compl., ¶¶ 350-355). Plaintiff does not allege that he requested not to be called in any of the Calls at Issue, and as established above, Plaintiff was called only once. Moreover, Plaintiff alleges that he provided various canary trap names and faked interest in applying for insurance in order to encourage further calls. *Dobronski v. Total Ins. Brokers, LLC*, No. 21-10035, 2021 WL 4452218, at *4 (E.D. Mich. Sept. 29, 2021) (finding Plaintiff failed to state a claim that subsequent call was willful because Plaintiff alleged he gave false information

153465631v1

during the first call to induce another call). For these reasons, Plaintiff's claims for "willful or knowing" violations of the TCPA (and his demands for treble damages) should be dismissed with prejudice.

## IV. PLAINTIFF'S MTCCCA CLAIM SHOULD BE DISMISSED AS A MATTER OF LAW (COUNT XII)

Plaintiff's MTCCCA claim must be dismissed to the extent that Plaintiff fails to allege Defendants used any prerecorded messages or block features. M.C.L. § 484.125(2) prohibits callers from contacting subscribers under two circumstances: (a) when the caller delivers a recorded message to present commercial advertising unless the subscriber consents or "knowingly and voluntarily provided his or her telephone number to the caller"; and (b) when the caller "deliver[s] or attempt[s] to deliver intrastate commercial advertising if the caller activates a feature to block the display caller identification information that would otherwise be available to the subscriber." *See* M.C.L. § 484.125 (2)(a)-(b). "Intrastate" is defined as "originating and delivering within this State." *Id*. at § 484.125(1)(c).

Plaintiff does not allege that Defendants called Plaintiff directly. Rather, Plaintiff alleges that each call was initiated by third party live telemarketers. Plaintiff also fails to allege that the callers delivered recorded messages or used a feature to block the caller identification information. Indeed, Plaintiff alleges that the caller identification numbers were displayed for each of the calls and identifies the caller's phone numbers in turn. Furthermore, Plaintiff fails to allege

-22-

that Defendants delivered or attempted to deliver intrastate commercial advertising, as Plaintiff fails to state that any calls linked to Defendants originated in Michigan. Instead, Plaintiff only claims that the calls originated from unknown call centers, initiated by third-party telemarketers located in Asia. (*See* Am. Compl., ¶¶ 91, 93, 180). Accordingly, Count XII must be dismissed with prejudice.

## V.   PLAINTIFF'S MHSSA CLAIM SHOULD BE DISMISSED AS A MATTER OF LAW (COUNT XIII)

To state a claim under the MHSSA, Plaintiff must plausibly allege that defendant was involved in, or was otherwise responsible for, the telephone solicitation to Plaintiff. *See Visser v. Caribbean Cruise Line, Inc.*, No. 1:13-cv-1029, 2020 WL 415847, at *8 (W.D. Mich. Jan. 27, 2020) (finding plaintiffs failed to allege facts from which to reasonably infer personal involvement in call by an individual defendant). A "telephone solicitation" under the MHSSA does not include (i) a voice communication with a residential telephone subscriber's express invitation or permission prior to the voice communication, or (ii) a voice communication to an existing customer. M.C.L. § 445.111(m).

Here, Plaintiff alleges that for each of the Calls at Issue, Defendants were either not involved in the calls or the calls were initiated by a non-party telemarketer. Moreover, for Calls 12 and 30, Plaintiff does not allege that Defendants even spoke to Plaintiff. Rather, Plaintiff generally references Defendant Scheifele, only to the extent that Scheifele is allegedly listed as an insurance broker on a policy sent to

-23-

Plaintiff following Call 12. Further, Plaintiff alleges that an individual named "Isaac" attempted to transfer a call to a person named "Paul". (*See* Am. Compl., ¶¶ 182-198, 300-313). Any connection between Defendants and the telephone calls is based on speculation.

Plaintiff also presents no facts that Defendants directed the entity third party telemarketers. Moreover, in Call 29 (the only call which Plaintiff even alleges he spoke to either of the Defendants) Plaintiff states that Defendant Christle provided his name and the organizations or agencies he was with. Finally, Plaintiff alleges that he provided fake aliases to invite further calls and began the process of signing up for insurance, establishing that he provided express invitation, permission, or was an existing customer.  Accordingly, Count XIII must be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court dismiss the First Amended Complaint with prejudice and order any other relief deemed just and proper.

Date: May 1, 2023                              Respectfully submitted,

                                               */s/ Armeen M. Shroff*
                                               Matthew J. Lund (P48632)
                                               Armeen M. Shroff (P84354)
                                               TROUTMAN PEPPER HAMILTON SANDERS LLP
                                               4000 Town Center, Suite 1800
                                               Southfield, Michigan 48075
                                               Telephone: (248) 359-7300
                                               matthew.lund@troutman.com

153465631v1

armeen.shroff@troutman.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARK DOBRONSKI,

         Plaintiff,

v.

FAMILY FIRST LIFE, LLC, et al.,

         Defendants.

Case No. 2:22-cv-12039

Hon. Denise Page Hood

Magistrate Judge Jonathan J.C. Grey

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2023, I caused a copy of the foregoing Defendants' Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), Brief in Support, and this Certificate of Service to be electronically filed with the U.S. District Court, Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all ECF participants.

I further certify that a courtesy copy will be sent via electronic mail and U.S. Mail to Mark W. Dobronski, P.O. Box 85547, Westland, Michigan 48185-0547, markdobronski@yahoo.com; and via U.S. Mail to Lewis Jan Friedman, 921 Ormsby St, Vista, CA 92084.

-1-

153465631v1

I further certify that a courtesy copy will be sent via Federal Express to the

Hon. Denise Page Hood, 231 W. Lafayette, Room 219, Detroit, MI 48226.

/s/ Armeen M. Shroff
Armeen M. Shroff (P84354)