# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| MARK DOBRONSKI, | Case No. 2:22-cv-12039-JJCG |
| Plaintiff, | District Judge Mark A. Goldsmith |
| v. | Magistrate Judge Kimberly G. Altman |
| FAMILY FIRST LIFE, LLC, et al., | |
| Defendant. | |

**DEFENDANTS KHONSAVAN VONGDARA, SHANNON ADAMS, DONTE GRANT, VANESSA ISABEL POWELL, DARIO JOSEPH WICKHAM, EMMANUEL CHIBUZOR IGWEH, VANINA E. BONANNO, BLAKE HUNTER SCHEIFELE, AND PAUL RYAN CHRISTLE'S OBJECTIONS TO THE REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTIONS TO DISMISS DATED <u>JANUARY 19, 2024</u>**

168317821v1

Defendants Khonsavan Vongdara, Shannon Adams, Donte Grant, Vanessa Isabel Powell, Dario Joseph Wickham, Emmanuel Chibuzor Igweh, Vanina E. Bonanno, Blake Hunter Scheifele, and Paul Ryan Christle's ("Defendants"), through their attorneys, Troutman Pepper Hamilton Sanders, LLP, pursuant to 28 U.S.C. §636(b)(1), Fed. R. Civ. P. 72(b) and E.D. Mich. LR 72.1(d), submit their objections to the Report And Recommendation To Grant In Part And Deny In Part and Deny in Part Defendants' Motions to Dismiss (Dkt. Nos. 106 and 143) dated January 19, 2024 (hereafter the "R&R").

**I.** **Objection No. 1**: The Magistrate Judge Erred in Recommending Denial of Defendants' Motions to Dismiss Count I of the First Amended Complaint (R&R Sections IV.D.1).

The R&R found that Plaintiff only has standing to pursue claims based on calls 1, 3, 4, 7, 8, 13, 15, 16, 18, 24, 29, 30, 31, and 33 and recommends that claims based on any other calls should be dismissed. (R&R p. 55). Moreover, the R&R finds that Plaintiff's allegations "adequately state an agency relationship between the individual agents and the callers initiating the offending calls." (R&R p. 30). The R&R further found that because Plaintiff "alleged multiple indicia" that make it plausible that an automated telephone dialing system ("ATDS") was used, Count I should survive dismissal. (R&R pp. 35-36).

In Count I of the First Amended Complaint ("FAC"), Plaintiff alleges that Defendants violated the Telephone Consumer Protection Act ("TCPA") and its

implementing regulation 47 C.F.R. § 64.1200(a)(1)(iii), because "Defendant or Defendant's agent initiated a telephone call to Plaintiff's cellular telephone line using an automatic telephone dialing system without the prior express consent of the called party and there being no emergency." (Dkt. No. 99, ¶¶ 357-359). Further, Plaintiff limits Count I to calls 12, 15, 23, 25-28, 31-33, and 35-51. (Dkt. No. 99, ¶¶ 358). Of the calls that Plaintiff seeks relief for in Count I, only calls 15, 31, and 33 survive the R&R's standing analysis. Given that Plaintiff does not allege that any of the Defendants were involved in any of the calls that survive standing, or that the calls were made at the Defendants' direction, Count I should be dismissed as to each of the Defendants.

Specifically, in call 15 Plaintiff alleges that he received a call from a telemarketer who identified himself as "Sam" with "Senior Benefits", who then transferred the call to another telemarketer who identified himself as "Luke" who stated that he worked for YSC. (Dkt. No. 99, ¶¶ 208-213). Plaintiff does not state any facts that the individual defendants were connected in any way with call 15, or that "Sam" and "Luke" were agents of Defendants.

Call 31 also fails to implicate any of the Defendants. Plaintiff alleges he received a call from "Max with Senior Benefits", who stated that a licensed agent named "Gretchen" would call Plaintiff back in 5 minutes. (Dkt. No. 99, ¶¶ 314-

-2-

320). Plaintiff failed to allege that the individual defendants were involved in the call or directed "Max" and "Gretchen" to call Plaintiff.

Plaintiff's allegations regarding call 33 are equally deficient. Plaintiff alleges that he received a call from "John with Senior Benefits", who transferred the call to an insurance agent named "Gretchen Drouhard." (Dkt. No. 99, ¶¶ 330-337). Plaintiff failed to allege that the Defendants were involved in the call or directed "John" and "Gretchen" to call Plaintiff.

The R&R properly rejects Plaintiff's argument that Defendants acted in concert with one another and concludes that the *individual agents are only liable for the calls made at their direction.* (R&R, p. 43). However, the R&R does not dismiss Count I for calls that contained no involvement of the Defendants. As Defendants argue in their moving briefs, the TCPA makes it unlawful "to initiate any telephone call…using an automatic telephone dialing system." *See* 47 U.S.C. §227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1), (2), (3) (emphasis added). (Dkt. Nos. 106, p. 12; 143, pp. 11-12; 124, p. 3, footnote 1). The FAC contains no allegations to indicate that Defendants initiated these calls, caused or directed these calls to be initiated, authorized the calls, or were in anyway connected to, or somehow involved with the calls. This argument was not addressed in the R&R. Accordingly, Count I should be dismissed as to Defendants, as it contains no allegations of calls which were initiated by Defendants.

168317821v1

II. **Objection No. 2:** The Magistrate Judge Erred in Recommending Denial of Defendant Blake Scheifle's Motion to Dismiss in its entirety.

The R&R recommends that claims based on calls 2, 5, 6, 9, 10, 11, 12, 14, 17, 19, 20, 21, 22, 23, 25, 26, 27, 28, 32, and 34-56 should be dismissed for lack of standing. (R&R p. 23). The remaining calls (1, 3, 4, 7, 8, 13, 15, 16, 18, 24, 29, 30, 31, and 33) survive dismissal for lack of standing. (R&R p. 23). The R&R further recommends that Counts I and XIII remain in their entirety, but limits Count XIII to calls in which Plaintiff has standing to proceed on. (R&R pp. 49 and 55).

Defendant Scheifele was not involved in any of the calls which survive standing. The only call that Plaintiff associates with Defendant Scheifele is call number 12, in which Plaintiff alleges he was contacted by individual named James who asked to speak to Plaintiff by name then transferred the call to an insurance agent named Elijah Wood. (Dkt. No. 99, ¶¶185-186). The only connection to call 12 that Plaintiff attributes to Defendant Scheifele is that Scheifele was listed as the selling insurance broker for the life insurance policy that Scheifele received in the mail. (Dkt. No. 99, ¶¶196-197). Plaintiff further alleges that Elijah Wood was able to recite Plaintiff's true name and true address, establishing that Call 12 was a follow-up call resulting from Plaintiff's feigned interest in the insurance products being sold and that Plaintiff was an existing customer. (Dkt. Nos. 99, ¶187; 143, pp. 7 and 24). Because call number 12 does not survive of the R&R's standing analysis, Counts I and XIII should also be dismissed as to Defendant Scheifele.

WHEREFORE, Defendants respectfully requests that the Court reject those portions of the R&R identified as erroneous and adopt Defendants' arguments and objections.

        Respectfully submitted,

        /s/ Kelly E. Kane
        KELLY E. KANE (P81912)
        TROUTMAN PEPPER HAMILTON SANDERS LLP
        4000 Town Center, Suite 1800
        Southfield, Michigan 48075
        Telephone: (248) 359-7300
        Kelly.Kane@Troutman.com

        Attorneys for Defendants Khonsavan Vongdara, Shannon Adams, Donte Grant, Vanessa Isabel Powell, Dario Joseph Wickham, Emmanuel Chibuzor Igweh, Vanina E. Bonanno, Blake Hunter Scheifele, and Paul Ryan Christle

Dated: February 2, 2024

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| MARK DOBRONSKI, | Case No. 2:22-cv-12039-JJCG |
| Plaintiff, | Hon. Denise Page Hood |
| v. | Magistrate Judge Jonathan J.C. Grey |
| FAMILY FIRST LIFE, LLC, et al., | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of February, 2024, I caused a copy of the foregoing and this Certificate of Service to be filed electronically with the United States District Court, Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all ECF participants.

I further certify that a courtesy copy will be sent via electronic mail and U.S. Mail to Mark W. Dobronski, P.O. Box 85547, Westland, Michigan 48185-0547, markdobronski@yahoo.com; and via U.S. Mail to Lewis Jan Friedman, 921 Ormsby St, Vista, CA 92084.

/s/ Kelly E. Kane
KELLY E. KANE (P81912)

168317821v1