IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Mark W. Dobronski,<br><br>        Plaintiff,<br><br>v.<br><br>Family First Life, LLC, Americo Financial Life and Annuity Insurance Company, et al.,<br><br>        Defendants. | Case No. 2:22-CV-12039<br>Judge: Denise Page Hood<br>Magistrate Judge: Jonathan J.C. Grey |

**AMERICO FINANCIAL LIFE AND ANNUITY INSURANCE COMPANY'S RESPONSE TO THE PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION TO GRANT AMERICO, OMAHA, AND GREAT WESTERN'S MOTIONS TO DISMISS AND TO GRANT IN PART AND DENY IN PART OTHER DEFENDANTS' MOTIONS**

For the reasons set forth below, Americo Financial Life and Annuity Insurance Company ("Americo") requests this Court overrule Plaintiff's Objections to the Report and Recommendation to Grant Americo, Omaha, and Great Western's Motions to Dismiss and to Grant in Part and Deny in Part Other Defendants' Motions (the "Objection"), and in support thereof, states:

**I.     INTRODUCTION.**

On March 8, 2023, Americo filed its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion"), asking this Court to dismiss *all* claims asserted against it by the plaintiff, Mark W. Dobronski (the "Plaintiff" or "Mr. Dobronski").

Page 1

*See* ECF No. 103. A primary argument advanced in the Motion was that Mr. Dobronski failed to adequately plead vicarious liability. Since Americo was not alleged to have placed *any* of the calls at issue, Americo has no direct liability for the calls, and because Mr. Dobronski's allegations of vicarious liability were insufficient as to Americo, all claims against Americo failed. *See id*.

United States Magistrate Judge Kimberly G. Altman issued the Report and Recommendation to Grant Americo, Omaha, and Great Western's Motions to Dismiss (ECF Nos. 103, 105, 113) and to Grant in Part and Deny in Part Other Defendants' Motions (the "Report and Recommendation") on January 19, 2024, correctly finding that Mr. Dobronski's allegations toward the insurance companies – United, Americo, and Great Western – fell short of establishing vicarious liability. *See* ECF No. 178. Mr. Dobronski filed his Objection on January 31, 2024. *See* ECF No. 179.

Mr. Dobronski appears to acknowledge the insufficiency of his allegations to support a claim of actual authority, as Mr. Dobronski does not object to the Report and Recommendation as it relates to actual authority. However, Mr. Dobronski challenges the Report and Recommendation as it relates to apparent authority, claiming that the Report and Recommendation "gloss[es] past" the issue. *See* ECF No. 179; PageID 2609. Mr. Dobronski's analysis misses the mark.

Page 2

Americo agrees with the finding in the Report and Recommendation that there is no indication that Americo held out to Mr. Dobronski that the callers had the authority to commit the alleged tortious acts. Thus, Mr. Dobronski's Objection should be overruled.

**II.    RESPONSE.**

Response to Objection No. 1.

Mr. Dobronski claims that under an apparent authority theory, Americo should be held liable for the acts of the telemarketers who allegedly made calls to him in violation of the TCPA, the do-not-call regulations, and the related Michigan statutes (collectively, the "Restrictions"). ECF No. 179; PageID 2609. Yet, Mr. Dobronski failed to plead sufficient facts to plausibly show that Americo held out to Mr. Dobronski that Americo authorized *anyone* to make calls to him in manners that violated the Restrictions.

The Report and Recommendation relies on *Keating v. Peterson's Nelnet, LLC,* an opinion from the United States Court of Appeals for the Sixth Circuit that distinguished the *Dish Network* case at the center of the Objection. 615 F. App'x 365 (6th Cir. 2015).

In *Keating,* the Court of Appeals stated that "under the theory of apparent authority, a principal will incur liability for the acts of an 'agent' *if the principal 'held the agent out to third parties* as possessing sufficient authority *to commit the*

Page 3

*particular act in question*, and there was reliance upon the apparent authority.'" *Id*. at 373-74 (emphasis added) (citing *Jones v. Federated Fin. Reserve Corp.*, 144 F.3d 961, 965 (6th Cir. 1998)). "In this regard, 'the apparent power of an agent is to be determined *by the act of the principal* and not by the acts of the agent . . .'" *Brainard v. Am. Skandia Life Assurance Corp.*, 432 F.3d 655, 663 (6th Cir. 2005) (emphasis added) (citing *Master Consol. Corp. v. BancOhio Nat'l Bank*, 61 Ohio St. 3d 570, 575 (Ohio 1991)).

The *Keating* court found that the defendant could not be liable under an apparent authority theory because, *inter alia*, there was no evidence that the defendant had "advanced knowledge of improper activities by their subcontractor's subcontractor's subcontractor." *Id*. at 375. As noted in the Report and Recommendation, "there is no indication that the principal (here, the insurance companies) held out to Dobronski that the agents had the authority to commit the tortious acts he alleges." ECF No. 178; PageID 2582.

Other cases support the Report and Recommendation. In *Kahler v. Fid. Mut. Life*, the plaintiff argued the defendant could be held liable under an apparent authority theory. No. 5:16CV287, 2018 U.S. Dist. LEXIS 43555 (N.D. Ohio Mar. 16, 2018). In support, the plaintiff argued the defendant **i**) allowed its vendor access to information and systems that were normally within the defendant's exclusive possession, **ii**) provided the scripts to the vendor, **iii**) allowed the vendor to use its

Page 4

trade name, trademark, and service mark, and **iv**) allowed the vendor to enter information into the defendant's computer system. *Id*. at *11. Still, the *Kahler* court found that "none of these factors, alone *or combined*, support a claim of apparent authority." *Id*. (emphasis added). The *Kahler* court cited an opinion from the United States District Court for the Northern District of West Virginia, finding that even "assisting a party in setting up telemarketing centers *or providing scripts* for in-person calls is not evidence of agency." *In re Monitronics Int'l, Inc.*, 223 F. Supp. 3d 514, 521 (N.D.W. Va. 2016). At best, Mr. Dobronski claims the "agent" – not even the individuals placing the calls, had access to Americo's pricing. *See* ECF No. 179; PageID 2613. This is not sufficient.

The *Kahler* court also noted it did not "believe that [the vendor's] ability to enter information into [the defendant's] computer system aids in the apparent authority analysis in any manner." *Kahler*, 2018 U.S. Dist. LEXIS 43555, at *13. The vendor's alleged ability was "not an 'outward' manifestation in any manner," and accordingly, "could not have caused [the plaintiff] to believe that [the vendor] had apparent authority." *Id*.

Mr. Dobronski failed to put forth sufficient factual allegations to plausibly demonstrate that Americo provided *anyone* with the authority to make unlawful calls to Mr. Dobronski. Similarly, Mr. Dobronski makes no meaningful allegations to plausibly show that Americo has any control over the individuals who allegedly

Page 5

called him. *See* Restatement (Third) of Agency § 1.01 cmt. f(1) ("An essential element of agency is the principal's right to control the agent's actions… The power to give interim instructions distinguishes principals in agency relationships from those who contract to receive services provided by persons who are not agents.") Even if Mr. Dobronski purchased a policy from Americo under false pretenses, that would not demonstrate that the calls Mr. Dobronski claims to have received were made under Americo's control.

Finally, Mr. Dobronski's ratification argument fails to provide a sound basis for rejecting the Report and Recommendation because ratification has no import beyond the principal-agent relationship. *See Johansen v. HomeAdvisor, Inc.*, 218 F. Supp. 3d 577, 586 (S.D. Ohio 2016). "Without this 'prerequisite' principal-agent relationship, a defendant cannot 'ratify' the actions of third parties." *Id*. at 587. Mr. Dobronski's allegations fail to show a principal-agent relationship, and accordingly, Mr. Dobronski has failed to make the requisite showing to invoke ratification.

### III.  CONCLUSION.

The Report and Recommendation may not provide a lengthy analysis of apparent authority. However, it incorporates the *Keating* decision, which supports Magistrate Judge Altman's finding that Mr. Dobronski has not adequately pled apparent authority to the illegal conduct complained of. Because Mr. Dobronski

failed to adequately allege vicarious liability, the Court should overrule Mr. Dobronski's Objection and adopt the Report and Recommendation.

Dated: February 14, 2024				Respectfully submitted,

						/s/ Karen S. Hockstad
						Karen S. Hockstad (P47409)
						Travis Mihelick (P73050)
						900 Wilshire Drive, Suite 300
						Troy, Michigan 48084
						(248) 203-1655 / (248) 647-5210 (fax)
						Travis.mihelick@dinsmore.com

						***Attorneys for Americo Financial Life and Annuity Insurance Company***