IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Mark W. Dobronski, <br><br> Plaintiff, <br><br> vs. <br><br> Family First Life, LLC, et. al., <br><br> Defendants. | Case 2:22-cv-12039 <br><br> Judge: Mark A. Goldsmith <br><br> Magistrate: Kimberly G. Altman |

**DEFENDANT GREAT WESTERN INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE ALTMAN'S REPORT AND RECOMMENDATION [ECF No. 178]**

Defendant Great Western Insurance Company ("Great Western"), by and through its attorneys and for its Response to Plaintiff's Objections to Magistrate Judge Altman's Report and Recommendation ("R&R") to Grant Defendant Great Western's Motion to Dismiss [ECF No. 105] states as follows:

**OBJECTION NUMBER 1:** Plaintiff objects to the Magistrate Judge's R&R (V.4) that Plaintiff "has not sufficiently alleged vicarious, or direct, liability as to the insurance companies, United, Americo, and Great Western" and, therefore, dismissed the insurance companies from this action. [ECF No. 178, PageID.2583].

**RESPONSE:** Magistrate Judge Altman correctly concluded that Plaintiff failed to allege any conduct on the part of Great Western to indicate that any independent contractor insurance agent had its apparent authority to make allegedly

illegal telemarketing calls. Focusing on apparent authority, Plaintiff states that he disagrees with the R&R's finding that "[a]s for apparent authority, there is no indication that the principal (here, the insurance companies) held out to to [sic] Dobronski that the agents had authority to commit the tortious acts he pled." [ECF No. 179, PageID.2608-09].

Plaintiff contends, "[i]t is only necessary for Plaintiff to establish his reasonable belief that the agent had the authority to act on behalf of the insurance company and that belief is traceable to the insurance company's manifestations." [ECF 179, PageID.2613]. Plaintiff ignores the fact that "apparent authority must come from a representation by the principal." *Dobronski v. NPS, Inc.*, No. 356617, 2022 Mich.App.LEXIS 2209, *16 (Mich.Ct.App. April 21, 2022). He fails to allege that Great Western had any knowledge of any call or any alleged telemarketing script, much less that the caller was acting on behalf of or subject to the control of Great Western.

In *Dobronski v. NPS, Inc.*, the court rejected Dobronski's argument that the entity who allegedly made illegal telemarketing calls to him (NPS) acted with the apparent authority of Omega Auto Care. The court found that while the jury could reasonably infer that NPS was authorized to sell Omega's product because Omega allegedly gave it access to Omega's product pricing, allowed NPS to enter consumer information into Omega's systems, and permitted NPS to display Omega's trade

name on the vehicle-service agreements, such evidence "does not raise a question of fact regarding whether Omega authorized NPS to make illegal telemarking calls." *Id*. at *16.  The court further noted "Omega and Dobronski did not have any interaction during the telemarketing calls," concluding that Dobronski could not establish that NPS acted with Omega's apparent authority.  *Id.*

Similarly, Dobronski had no interaction with Great Western in any call.  And Dobronski's contention that an independent insurance agent attempted to sell him an insurance product is a far cry from plausibly alleging apparent authority to engage in illegal telemarketing activity on Great Western's behalf.  *See Dobronski v. United of Omaha Life Ins. Co*., et. al., Case No. 2:23-cv-10257, (E.D.Mich), ECF No.21, Page.ID.185 ("While alleging that United licenses the remaining defendants to sell its life insurance products to consumers, Dobronski offers no facts suggesting that United exercised any control over how the remaining defendants accomplished that task")(internal citation omitted)[1]; *see also Dobronski v. Tobias & Assocs, et. al*., No. 5:23-cv-10331 (E.D.Mich.), ECF 39, PageID.347 (recommending dismissal of Dobronski's complaint against Great Western).  Dobronski references Call 12 in his objection after which he contends he was mailed a Great Western policy, [ECF No. 179, PageID.2615], however, Magistrate Judge Altman found that Dobronski has no

---

[1] Great Western further adopts those arguments raised by United of Omaha Life Insurance Company in its Response to Plaintiff's Objections.  [ECF No. 184].

1055020\320211202.v1

standing to complain of Call 12 -a follow-up call that did not cause injury because it "result[ed] from Dobronski's feigned interest in the insurance products being sold." [ECF No. 178, PageID.2571].

Dobronski claims that the Magistrate Judge erred in finding that he failed to plead ratification. [ECF No. 179, PageID.2615]. However, "[a] person is not bound by a ratification made without knowledge of material facts involved in the original act when the person was unaware of such lack of knowledge." Restat 3d of Agency, § 4.06. Magistrate Judge Altman correctly found that "the acts were not ratified because Dobronski has not alleged that the insurance companies manifested assent or that they consented to the calls." [ECF 178, PageID. 2582-2583]. Dobronski has not and cannot allege that Great Western had knowledge of all material facts surrounding the alleged calls he received. Indeed, he scarcely mentions Great Western in his First Amended Complaint at all.

**OBJECTION NO. 2:** The R&R recommends that Count III of the FAC, which alleges "premature hang up" in violation of 47 C.F.R. 64.1200(a)(6), be dismissed because "Dobronski does not allege who placed these calls and could not plausibly do so, because he gathered no information about the callers. Thus, the calls in question cannot be connected to any of the defendants." [ECF No. 178, PageID.2588]. Plaintiff disagrees.

**RESPONSE:** Dobronski does not plausibly allege any connection between calls 17 and 53-36 and Great Western. Indeed Plaintiff challenges the Magistrate Judge's R&R claiming that he plausibly connects calls 17 and 53-56 "to at least Defendants Friedman and Adams." [ECF No. 179, PageID.2616]. Whether he allegedly connects these calls to Friedman and Adams, however, is irrelevant to his claims against Great Western. Instead he vaguely alleges that "Friedman" and "Adams" are authorized agents "for one or more of the Insurance Companies" (FAC, ¶¶89,90). This allegation is woefully inadequate to support a finding that he plausibly alleges vicarious liability against Great Western for these calls.

The Court should adopt Magistrate Judge Altman's R&R granting Great Western's Motion to Dismiss [ECF No. 105] and dismissing all counts against it in Plaintiff's First Amended Complaint.

WHEREFORE, Defendant GREAT WESTERN INSURANCE COMPANY respectfully requests that this Court adopt Magistrate Judge Altman's Report and Recommendation to Grant Great Western Insurance Company's Motion to Dismiss and dismiss the Plaintiff's Complaint without leave to re-plead.

Dated: February 15, 2024        Respectfully submitted,

                                             Great Western Insurance Company

                                             By: */s/ Jennifer W. Weller*

| | |
|---|---|
| Nancy K. Chinonis (local counsel)<br>Cline, Cline & Griffin, PC<br>503 S. Saginaw Street, Suite 1000<br>Flint, MI 48502<br>nchinonis@ccglawyers.com<br>Tel: (810)232-3141 | David M. Schultz<br>Jennifer W. Weller<br>Hinshaw & Culbertson LLP<br>151 N. Franklin St. Suite 2500<br>Chicago, IL 60606<br>Tel:   312-704-3000<br>Email:jweller@hinshawlaw.com |

6

## **CERTIFICATE OF SERVICE (ECF)**

      I hereby certify that on February 15, 2024, I electronically filed with the Clerk of the U.S. District Court, Eastern District of Michigan, the foregoing Response to Plaintiff's Objections to Magistrate Judge Altman's Report and Recommendation ("R&R") to Grant Great Western Insurance Company's Motion to Dismiss by using the CM/ECF system, which will send notification of such filing(s) to all attorneys of record and via U.S. Mail, First Class to:

                Mark W. Dobronski
                Post Office Box 222
                Dexter, Michigan 48130-0222

                                      */s/ Jennifer W. Weller*
                                      Hinshaw & Culbertson LLP
                                      151 N. Franklin St., Suite 2500
                                      Chicago, IL  60606
                                      Tel:   312-704-3000
                                      Email:  jweller@hinshawlaw.com

1055020\320211202.v1